ELIZABETH BAILEY *et al.*

*v.*

WILLIAM BAILEY *et al.*

*Filed at Springfield January 26, 1886.*

1. MORTGAGE—*deed absolute in form—degree of proof to show it to be a mortgage.* A deed absolute on its face will never be held to be a mortgage, unless the proof is clear and positive that it was so intended by the parties.

2. DOWER—*widow of devisee of land upon which there is an incumbrance.* Where an owner of land has made a conveyance of the same, absolute in form, to secure the repayment of a loan to him, and afterward devises the same land to another, the widow of the latter will be entitled to dower therein.

3. WILL—*charge on land devised.* A testator devised his entire interest in certain lots to his brother, and directed that out of that interest the latter should pay to whomever should have the care and control of his nephew through his minority, $100 annually, and $1000 to the nephew upon his majority: *Held,* that the devisee took the lots subject to the lien of the person taking care of the nephew, of $100 a year, as well as the lien for the $1000, in favor of the nephew himself.

4. DECREE—*to pay money to guardian where there is no guardian.* A decree for the payment of money to the guardian of a minor will not be erroneous merely from the fact the minor has no guardian at the time. In such case the money can not be paid until a guardian shall be appointed and qualified.

5. GUARDIAN—*decree directing payment to guardian of money intended for one who has charge of the person of the ward.* Where a devisee of land takes it subject to a charge thereon that he pay $100 a year to the person who should have the care and support of a minor during minority, a decree that the devisee pay the sum then due to the guardian, instead of to the person entitled thereto, is not erroneous. The guardian in such case can pay it to the person or persons entitled to the same.

6. FORMER ADJUDICATION—*how far conclusive as to matters properly involved, but omitted to be presented.* A minor who files his bill by his guardian and attorney, claiming title to certain lands, should present the grounds showing his rights, and if he does not, he will not be allowed in a second suit to take advantage of his omission. If the first bill is dismissed, the adjudication will estop him from again seeking to recover the same premises on other and different grounds not presented in the first suit.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. THOMAS F. TIPTON, for the plaintiffs in error:

Proof not sufficient that the deed was intended for a mortgage. *Sutphen* v. *Cushman*, 35 Ill. 186; *Knowles* v. *Knowles*, 86 id. 3; *Lindauer* v. *Cummings*, 57 id. 200.

The evidence must be clear and satisfactory. *Price* v. *Karnes*, 59 Ill. 276.

After a long lapse of time a trust will be declared only upon the most positive and satisfactory evidence of the intention of the parties. *Nicoll* v. *Mason*, 49 Ill. 358.

No title during coverture existed in James W. Bailey to the interest formerly owned by Albert, whose title, had he died at the moment, would have descended to his heirs, and therefore the widow of James W. took no dower. *Nicoll* v. *Ogden*, 29 Ill. 323; *Nicoll* v. *Todd*, 70 id. 295.

If the title of Albert passed, it passed subject to the charge thereon for the benefit of Edward B. Perkins, and the dower would be subject to that incumbrance. The decree giving her dower in it should have fixed her share of this charge to be paid by the widow. *Swaine* v. *Perine*, 5 Johns. Ch. 490; *Carll* v. *Butmann*, 7 Me. 102; *Gibson* v. *Crehore*, 5 Pick. 158; *Haughton* v. *Hapgood*, 13 id. 146; *Bell* v. *Mayor*, 10 Paige, 71; *House* v. *House*, id. 158; *Selb* v. *Montague*, 102 Ill. 446.

The court erred in directing Elizabeth Bailey to pay to the guardian of Perkins, as he had none, and if he had he would not be entitled to it unless he had cared for Perkins.

Messrs. STEVENSON & EWING, for the defendants in error, referred to the evidence in detail, showing the deed was intended as a mortgage, and tending to prove payment of the debt.

The court erred in holding William Bailey, Jr., was estopped by the decree entered on bill filed in his name by his guardian. On bill of review, a decree may be set aside when fraud is shown, and cause for the delay. *Griggs* v. *Geer*, 3 Gilm. 2; *Boyden* v. *Reed*, 55 Ill. 458; Daniel's Ch. Prac. 1876.

The decree giving dower to Hattie Bailey makes it subject to the lien of Edward Perkins on the undivided half, and this is not erroneous.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Harriet Bailey and William Bailey, Jr., wherein the first named claims dower in certain premises in Saybrook, McLean county, and the other complainant seeks to review certain proceedings of the circuit court of McLean county, and for partition of the premises. The defendants answered the bill, and William H. Riggs, administrator of the estate of William Bailey, deceased, filed a cross-bill, in which he prayed that in case a certain deed from Albert Bailey to William Bailey, for a portion of the premises, should be declared a mortgage, the court decree a foreclosure of the mortgage. The cause proceeded to a hearing on the pleadings and evidence, and the court entered a decree dismissing the cross-bill, decreed in favor of Harriet Bailey as to dower, and decreed the relief prayed for as to a review of the former proceedings, but decreed in favor of William Bailey, Jr., as to lands not embraced in the former proceedings. Various objections are taken to the decree, which will be considered in the order presented.

First, it is claimed that the court erred in finding that a certain deed from Albert Bailey to William Bailey, executed November 7, 1871, was a mortgage. Whether the decree in this respect is erroneous or not, will, of course, depend upon the evidence bearing on the question. It appears from the evidence, that in the fall of 1871, Albert Bailey, being in poor health, went to Colorado, and one Stansbury, who knew all the parties, testified that William Bailey told him, after Albert was gone, that he had let him have money, and Albert gave him the deed, when he went away, to secure what he owed him. Albert Bailey returned from Colorado, and in February,

1873, made a will, which was written in the presence of William Bailey, and provision was made in the will for the payment of a debt of $1000 to William Bailey, from the proceeds of certain policies of insurance, and the land in question was devised to James Bailey.   William Bailey, knowing the fact, made no objection, and set up no title under his deed.   Again, after the deed was made, a portion of the land embraced therein was sold to Orendorff, and notwithstanding the fact that William Bailey had a deed of the land, a deed was prepared in Saybrook and sent to Colorado to procure the signature of Albert Bailey, and he acknowledged the deed and signed it.   Albert Bailey received the rents for his interest in the land after the making of the deed, until his death. There are other facts, all pointing in the one direction, that the deed, although absolute on its face, was but a mortgage, so understood and intended by the parties.   A deed absolute on its face will never be held to be a mortgage unless the proof is clear and positive, but here we think the proof was sufficient to authorize the decree.

The next point relied upon is, that the court erred in holding that Harriet Bailey was entitled to dower in the entire premises.   She was the widow of James Bailey, who owned originally an undivided one-half of the premises, and as to the undivided half there seems to be no dispute as to her dower right.   She was not a party to the former proceedings, which are claimed to be a bar to a recovery on behalf of William Bailey, Jr., and hence those proceedings do not affect her rights.   If the deed made by Albert Bailey to William Bailey on November 7, 1871, was but a mortgage, as we have determined it was, then the will of Albert passed the title to the other undivided half of the premises to James Bailey, subject to the claims of Eddie Perkins, which were made a charge on the land, and as he died seized of the title to the whole property, it follows that complainant was entitled to dower in the whole, as held by the circuit court.

The next point relied upon is, that the court erred in not making provision for the payment of the claim of William Bailey against the estate of James Bailey, which had been probated. The will of Albert Bailey, in which he devised his interest in the lots to James W. Bailey, contains a provision that the devisee, out of his interest in the lots, shall· pay whomever has the control of Edward Perkins during his minority, $100 annually, and that when said Perkins should arrive at the age of twenty-one, James W. Bailey shall pay him $1000. It appears from· the evidence, that William Bailey, Sr., had the control of and boarded Edward Perkins from February 12, 1873, until June 19, 1876, and this claim, amounting to $335.27, was allowed in the probate court as a claim against the estate of James W. Bailey. Edward Perkins also presented a claim for the money in the hands of James W. Bailey at the time of his death, and interest on the same from June 19, 1876, and the sum of $1029.16 was allowed him in the probate court. In the decree the court provided that Edward Perkins should have a lien on the premises devised, to secure the payment of the money which Albert Bailey had willed to him, but the decree made no provision whatever in regard to the money which was due William Bailey, Sr., from the estate of James W. Bailey. We think this was error. The $1000 devised to Edward Perkins, and the sum of $100, payable annually, to the person who had the care and control of Edward, were placed by Albert Bailey, in his will, on the same footing, and the payment of each sum was made a charge on the land devised. If it was right to protect the amount devised to Edward Perkins by making it a lien on the premises, upon the same principle and for the same reason the amount due William Bailey, Sr., for keeping Edward Perkins, as provided in the will, should be a lien on the devised premises. · Both amounts were payable from the same person, from the same property, and are entitled to be placed upon an equality. The decree will be

so modified as to give the claim of William Bailey, Sr., the same lien as that provided for the claim of Edward Perkins, with the same remedies for its payment or collection.

It is also claimed that the court erred in directing that Elizabeth Bailey pay money to the guardian of Edward Perkins. It appears that Elizabeth Bailey received the rents of the property from July 3, 1877, and that the annual amount due for the support of Edward Perkins from that date, as provided in the will of Albert Bailey, amounted to the sum of $650. This sum she was required to pay over to the guardian of Edward Perkins. It is said Edward Perkins has no guardian. If this be so, the money can not be paid until such time as a guardian is duly appointed and qualified. It is also said that the money is not payable to a guardian, but to the person who has the care and control of Edward Perkins. We perceive no difficulty in regard to this part of the decree. The guardian may properly receive this money as well as any other fund created for the benefit of the minor, and when received the guardian can distribute it or pay it out to the person to whom it may belong.

It is also insisted that if it is determined that the deed from Albert Bailey to William Bailey is a mortgage, then the cross-bill of Riggs should be sustained, and a decree of foreclosure entered. Had the debt which the deed was given to secure, remained unpaid, it might have been proper for the court, in that event, to have sustained the cross-bill, and rendered a decree of foreclosure; but from the evidence heard by the court on this point we are of opinion that the debt was paid, and if paid, the cross-bill was properly dismissed. The sum of $1000, which Albert Bailey willed to his father, William Bailey, was no doubt intended to pay the amount of indebtedness secured by the deed. At least the evidence on the hearing seemed to indicate that the devise in the will was for that purpose.

It will be remembered that a former bill and decree were pleaded in bar of complainant's right of recovery in this case, and the court held that complainant was estopped by the decree from claiming title to any of the premises described in the bill filed in the former case, but as to the property involved which was not described in the former bill, he was entitled to recover. This part of the decree is assigned for error by the defendant William Bailey. We think this ruling of the court was correct. We see nothing in the evidence to take the case out of the operation of the general rule. When the complainant went into court with his first bill, it was his duty to bring forward and present all the claims and title which he then had on the property. As said in *Rogers* v. *Higgins*, 57 Ill. 244, the controversy can not be re-opened to hear additional reasons which before existed, and were within the knowledge of the party, in support of the same cause of action. The principle of *res judicata* embraces not only what actually was determined in the former case; but also extends to any other matter properly involved and which might have been raised and determined in it. The complainant in the first suit was represented by a guardian and an attorney, who knew or ought to have known what rights and title the complainant had in the property, and it was their duty to present that title, and if they failed it was through their own neglect, which can not be used to complainant's advantage in a second suit.

We regard the decree as correct except as to the modification indicated in this opinion, and it will be affirmed, except as to that modification. One-third of the costs of this court will be taxed to defendants in error and the balance to the plaintiffs in error.

*Decree modified.*

This record was assigned to Justice DICKEY to prepare an opinion. The opinion was not prepared, and the record was re-assigned at the November term, 1885.