Emma A. Strong

*v.*

William W. Strong *et al.*

*Filed at Ottawa November 15, 1888.*

1. Mortgage—*of a deed absolute in form—whether a sale or only a mortgage.* Where a conveyance is in form absolute, in order to change its character to that of a mortgage the proof must clearly and satisfactorily show that such was the contract and intent of the parties.

2. The owner of a lot of ground, desiring to make sale of it, but finding it impracticable to do so except in connection with certain premises adjoining, which he did not own, applied to the owner of the latter premises to convey them to him for a certain sum mentioned, a part to be paid in cash on the sale of the entire premises, and certain deferred payments to be secured. The conveyance was made, and the grantee sold the entire property, but did not make the cash payment as agreed, nor did he secure the deferred payments. On the question whether the transaction relating to the conveyance of the adjoining premises, as had been sought, was a mere mortgage, or a sale, it was held to be an absolute sale. The failure on the part of the grantee to perform, did not convert the deed into a mortgage, nor change his estate into a mere naked trust. The interest remaining in the grantor was merely that of a vendor's lien.

3. Vendor's lien—*estoppel to assert it.* Where the owner of a lot conveys the same to another, for the purpose of placing it in the power of the latter to sell or mortgage the property to enable him to raise money for his own use, with no intention of claiming a lien as against the mortgagee or purchaser, and the grantee sells the premises, such prior grantor will be estopped from asserting a vendor's lien against the subsequent purchaser.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. A. Moran, Judge, presiding.

This was a bill in chancery, brought by Emma A. Strong against William W. Strong, Philo Carpenter and Amos J. Snell, for an accounting in relation to the moneys in the hands of Carpenter arising from the sale of certain lots of land by him

to Snell, and for the payment out of said moneys of a certain claim in favor of the complainant. The bill was afterward, on the complainant's motion, dismissed as to Snell. Defendant Strong was defaulted, and defendant Carpenter having answered and a replication having been filed, a hearing was had on pleadings and proofs, resulting in a decree dismissing the bill at the complainant's costs for want of equity. Said decree was affirmed by the Appellate Court on appeal, and the record comes here on appeal from that court.

The bill alleges, in substance, that on the 15th day of February, 1878, the complainant was the owner of the west eighty feet of lot 29, in McNeill's re-subdivision, etc., in Chicago, defendant Strong, who is the complainant's brother, being at the same time the owner of the residue of lot 29 and all of lot 28 in said re-subdivision; that said Strong represented to her that said Snell had offered to purchase the two lots and pay $5000 therefor, which purchase would be consummated within sixty or ninety days from that date; that he, said Strong, was then laboring under financial distress which compelled him to sell his interest in said lots, and that he could not sell said lots unless he could purchase the complainant's part of lot 29, and that if she would convey to him her part of that lot at that time and before the sale to Snell was consummated, he could borrow money on said lots of Carpenter; that complainant had all her life been on intimate and confidential terms with her said brother, and had depended on him to transact all her business, and that she dealt with him fully believing in his ability to perform whatever he should agree to do; that Strong was a son-in-law of Carpenter, and that they were on friendly terms and acting together in business matters; that the complainant, being desirous of selling her part of lot 29, and knowing the friendly relations between Strong and Carpenter, and relying solely upon the representations and agreement of Strong to obtain for her the consideration for her lot, made and delivered to Strong a deed of said lot, such convey-

ance being solely in trust and in consideration that when sold, he would pay her $2000 as follows, viz., $1000 as soon as the sale to Snell should be made, and the remaining $1000 to be secured on some good and sufficient security to be provided her by Strong.

The bill further alleges that February 28, 1878, and before the time fixed for the completion of the sale to Snell, Strong entered into an arrangement with Carpenter, by which the latter agreed to loan him $4000 upon his conveying said lots to Carpenter, said loan to be repaid as soon as the proposed sale to Snell should be effected; that in pursuance of said agreement Strong and wife conveyed said lots to Carpenter by warranty deed expressing a consideration of $5000, but that said deed was intended and delivered as a mortgage; that Carpenter at the time knew that the complainant was the real owner of the west eighty feet of lot 29, and was informed of the purpose for which she had made said conveyance to Strong; that the consideration of $5000 named in the deed was never paid, but that Carpenter afterwards, in pursuance of his arrangement with Strong, advanced to Strong various sums of money amounting to $4000; that by agreement between Strong and Carpenter the payment of said loan was subsequently extended until Carpenter should be required to pay his taxes for the year 1879, and that Strong thereupon, in consideration that the complainant would consent that the title of her lot should remain in Carpenter, agreed with her that on sale of the lots by Carpenter, she should have in payment of her $2000 and interest all the surplus remaining after the payment of the Carpenter loan; that about September 1, 1881, Carpenter and Strong consummated a sale of said lots to Snell for $7500, of which $1500 was paid in cash and the residue was secured by Snell's notes and a deed of trust on the lots, and that Carpenter had received said sum of $7500 in cash and securities for the lots.

The bill prays for an accounting and for a decree requiring Carpenter, out of the surplus in his hands, to pay the complainant the amount due her for said lots and interest.

Carpenter's answer, among other things, denies all knowledge of any agreement between Strong and the complainant in relation to the west eighty feet of lot 29, or any arrangement between them in relation to the payment to the complainant of the consideration therefor. It also denies that the deed from Strong and wife to Carpenter was a mortgage or the transaction between Strong and Carpenter a loan, but alleges that said deed was and was intended to be an absolute and indefeasible conveyance of said lots, and that the transaction was an absolute purchase and sale of the lots. It admits the sale of the lots by Carpenter to Snell for $7500, and that Carpenter had received therefor in cash and securities said sum of $7500.

Messrs. MILLARD & SMITH, for the appellant:

The deeds from appellant, Emma A. Strong, to William W. Strong, and from the latter and wife to Carpenter, were, in equity, a mortgage to secure the $4000 advanced by Carpenter.

When a deed is shown to have been given as security for a loan of money, it is a mortgage. *Clark* v. *Finlon*, 90 Ill. 245 ; *Campbell* v. *Worthington*, 6 Vt. 448 ; *Baxter* v. *Willey*, 9 id. 276 ; Jones on Mortgages, pars. 274, 329, 600.

The existence of a debt is the test. Either a pre-existing debt, or one created at the time, makes the agreement a mortgage. Jones on Mortgages, pars. 265, 266, 268 ; *Delahay* v. *McConnel*, 4 Scam. 156 ; *Tillson* v. *Moulton*, 23 Ill. 610 ; *Ethington* v. *Harper*, 3 J. J. Marsh. 354.

The transaction of February 20, 1878, was treated by the parties to it as a mortgage.

The mortgagor is not allowed to renounce, beforehand, his privilege of redemption. Jones on Mortgages, sec. 251, chap. 22 ; Story's Eq. Jur. sec. 1019 ; *Smith* v. *Cremer*, 71 Ill. 187.

If one receives a conveyance of lands or other property, absolute in form, but really as security for a debt, he will hold the legal title in trust for the grantor, after the payment of the debt, and before reconveyance. *Maverick, etc., Society* v. *Lovejoy*, 6 Allan, 183; *Baldwin* v. *Bannister*, 3 P. Wms. 251; *Wilkinson* v. *Stewart*, 30 Ill. 48; Perry on Trusts, sec. 243.

Messrs. COMSTOCK & HESS, and Mr. FRANK J. CRAWFORD, for the appellees:

This court has often held, that where a conveyance is in form absolute, in order to change its character to that of a mortgage the proof must show clearly such was the contract and intent of the parties. *Dwen* v. *Blake*, 44 Ill. 136; *Price* v. *Karnes*, 59 id. 277; *Remington* v. *Campbell*, 60 id. 516; *Magnusson* v. *Johnson*, 73 id. 156; *Bartling* v. *Brasuhn*, 102 id. 441; *Pitts* v. *Cable*, 44 id. 103; *Wilson* v. *McDowell*, 78 id. 517; *Hancock* v. *Harper*, 86 id. 445; *Knowles* v. *Knowles*, id. 1.

To convert an absolute deed into a mortgage, the evidence must be clear, and free from doubt. *Sutphen* v. *Cushman*, 35 Ill. 196; *Lindauer* v. *Cummings*, 57 id. 200; *Sharp* v. *Smitherman*, 65 id. 154.

It must be a mortgage from the beginning. *Sweetland* v. *Sweetland*, 3 Mich. 482; *Kerney* v. *Macomb*, 16 N. J. Eq. 189; *Freeman* v. *Baldwin*, 13 Ala. 246; *Lund* v. *Lund*, 1 N. H. 41; *Kelly* v. *Thompson*, 7 Watts, 404; *Mason* v. *Moody*, 26 Miss. 184.

There must be a debt. *Henly* v. *Hotaling*, 41 Cal. 28; *Robinson* v. *Cropsy*, 7 Edw. Ch. 143; *Horn* v. *Ketelsas*, 46 N. Y. 605; *Flag* v. *Mann*, 14 Pierce, 467.

The obligations must be reciprocal. *Williams* v. *Owen*, 10 Sim. 386; *Longfellow* v. *Moore*, 102 Ill. 289; 1 Hilliard on Mortgages, 98.

The intention of the parties must govern. *Shays* v. *Norton*, 48 Ill. 102; *Pitts* v. *Cable*, 44 id. 103; *Carr* v. *Rising*, 62 id. 14; *Weathersby* v. *Weathersby*, 46 Miss. 462.

The fact that full value was given, furnishes a presumption that it was not a loan. *Carr* v. *Rising*, 62 Ill. 14; *Turner* v. *Kerr*, 44 Mo. 429; *Conway* v. *Alexander*, 7 Cranch, 218; *Davis* v. *Thomas*, 1 R. & M. 514; *Saxton* v. *Hitchcock*, 47 Barb. 226; *Macaulay* v. *Porter*, 71 N. Y. 177; *Baker* v. *Thrasher*, 4 Denio, 493; *Holmes* v. *Grant*, 8 Paige's Ch. 255; *Glover* v. *Payn*, 19 Wend. 518.

One who purchases without notice of an equity, is not affected by it. *Moore* v. *Hunter*, 1 Gilm. 317.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

Testing the complainant's rights by the averments of her bill, what were her relations to the west eighty feet of lot 29 after conveying it to her brother, William W. Strong, under the circumstances alleged? Some confusion on this subject seems to exist, arising, apparently, from a want of a well defined theory as to her rights on the part of the pleader. Some expressions of the bill seem, though not very distinctly, to treat her grantee as a mere trustee holding the legal title for her benefit, while others assume for her the relation of mortgagee under a deed absolute on its face, but really intended as a mortgage. The general scope of the bill, however, altogether excludes both of these relations. The case made by the bill is neither that of a *cestui que trust* nor of a mortgagee. The material allegations are, in substance, that her brother, being in financial distress which made it necessary for him to sell his interest in the two lots, and finding it impracticable to do so unless he could sell the whole of the two lots together, applied to her to convey to him her part of lot 29; that she was desirous of selling her part of said lot, and that she thereupon conveyed it to her brother for a price or consideration of $2000, to be paid to her by him, of which sum $1000 was to be paid in cash upon the completion of the sale of the lots to Snell, and the payment of the remaining $1000 was to be secured to her

by some good and sufficient security to be furnished her by him. This transaction clearly was an absolute sale and conveyance of the property for a definite consideration to be paid by the vendee to the vendor. It is true the consideration was never paid, but that circumstance could not convert an absolute conveyance into a mortgage, nor was it sufficient to change the estate of her vendee into a mere naked trust. It is clear that her interest in the premises conveyed, even between her and her grantee, was that of a vendor's lien, and nothing more.

The complainant is seeking by her bill to have her vendor's lien satisfied out of the proceeds of the sale of said lots by Carpenter, who obtained title thereto by conveyance from the complainant's grantee. She bases her right to relief upon the allegation, 1, that Carpenter took title with notice of her equities, and, 2, that the deed from Strong to Carpenter, though absolute on its face, was intended for and in fact was a mortgage, and that by sale of the premises to Snell, Carpenter had realized a sufficient sum to satisfy his mortgage and leave a surplus to be applied upon the complainant's lien.

We think there was a failure to prove that Carpenter, at the time of the conveyance to him, had notice of the complainant's equities. He positively denies having had any knowledge or notice on that subject, and there seems to be no witness who testifies to the contrary, and no facts are shown which are clearly sufficient to charge him with notice. His chain of title of course notified him that the complainant had been the owner of a part of the premises conveyed to him, but following that was an absolute conveyance from her to his grantor, and after finding that such conveyance had been made, there was nothing upon the face of his chain of title making it his duty to inquire further. Especially was this so in view of the fact that the deed from the complainant to his grantor contained an express acknowledgment of the receipt of the purchase money and a clause forever releasing and discharging her grantee therefrom.

But as we are inclined to view the case, it does not seem to be very material whether Carpenter had notice that the complainant had not been paid for her lot or not. By the admissions of her bill it appears that she conveyed her part of lot 29 for the purpose of placing it in the power of Strong to either sell or mortgage both lots for the purpose of raising money for his own use. In case of his obtaining a temporary loan from Carpenter before consummating the sale to Snell, it was not in the contemplation of the parties that she should receive any part of the money borrowed to apply upon her purchase money. And in case of an absolute sale, it was manifestly not their intention that her lien for the purchase money should have priority over the title conveyed. Such being the case, she is clearly estopped to set up her vendor's lien as against the title of Strong's vendee or mortgagee. On the other hand, if the deed to Carpenter was only a mortgage, she is entitled to enforce her vendor's lien against the equity of redemption, irrespective of whether Carpenter took with notice or not. 1 Jones on Mortgages, sec. 200.

It is thus apparent that the complainant's right to relief must depend altogether upon whether the deed from Strong to Carpenter was intended as an absolute conveyance or as a mere mortgage to secure a loan of money. This presents a question of fact upon which the evidence is to a large degree conflicting. The deed upon its face is absolute, and the burden is on the complainant to prove by clear and satisfactory evidence that it was in fact a mortgage. This court has often held that where a conveyance is in form absolute, in order to change its character to that of a mortgage, the proof must clearly and satisfactorily show that such was the contract and intent of the parties. *Bailey* v. *Bailey,* 115 Ill. 551; *Darst* v. *Murphy,* 119 id. 345; *Workman* v. *Greening,* 115 id. 477; *Clark* v. *Finlon,* 90 id. 246; *Bartling* v. *Brasuhn,* 102 id. 441; *Knowles* v. *Knowles,* 86 id. 1; *Hartnett* v. *Ball,* 22 id. 43.

We have patiently considered the evidence, with the aid of such light as counsel have been able to throw upon it, and are disposed to concur with the conclusions reached by the circuit judge and the Appellate Court. So long as we agree with those courts, an extended discussion of the evidence becomes unnecessary. The testimony of Carpenter is positive and unequivocal that the deed was intended to be an absolute conveyance and not a mortgage, and that the transaction between him and Strong was a purchase and sale of the lots and not a loan of money. Strong himself does not claim and never has claimed an equity of redemption in said lots since the execution of the deed. In a proceeding in the nature of a creditor's bill brought against him some time after the deed was executed, he seems to have based his defense, so far as said lots were concerned, upon an allegation that he had no equitable interest in them. Much of the evidence adduced on behalf of the complainant is equivocal in its character and leads to no certain or satisfactory conclusion. It is sufficient to say, that the entire evidence taken together, viewing it in the light most favorable for the complainant, leaves the mind in serious doubt as to what was the real transaction. It thus falls entirely short of the measure of proof required by the decisions of this court in order to hold a deed which on its face is an absolute conveyance, to be a mortgage. We are of the opinion that the decree is warranted by the evidence, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*