## Lena Wenske et al., Appellants, v. Henry Kenneke and Christian Meier, Trustee, Appellees.

### Gen. No. 5,811.

1. EVIDENCE, § 160*—*what is evidence of settlement.* In an action to have deeds of a deceased person declared mortgages, evidence of the grantee that he did not have in his possession any notes or evidence of indebtedness given by the deceased to him, and had not had any such notes since his death, was not evidence of a settlement with the deceased.

2. EVIDENCE, § 165*—*when evidence is inadmissible as self-serving declaration.* Where an issue was whether or not certain deeds made by a deceased person were in fact mortgages, the acts of the executor of the grantor in those deeds, in putting in an inventory the real estate described or intended to be described in the deeds, would throw no light on the issue and would be in the nature of a self-serving statement.

3. APPEAL AND ERROR, § 1396*—*when findings will not be disturbed.* A finding that allegations of a bill to declare deeds mortgages were not sustained will not be disregarded when based on conflicting evidence unless manifestly erroneous.

4. MORTGAGES, § 31*—*what proof is necessary to show that deed is mortgage.* A deed that is absolute on its face is not to be considered a mortgage unless it is made to appear clearly and satisfactorily that it was so intended at the time of its execution.

Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

R. A. GREEN, for appellants.

McDOUGALL & CHAPMAN, for appellees.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

Appellants filed their bill on October 3, 1912, to have a certain quitclaim deed dated October 11, 1905, and a certain warranty deed dated October 31, 1905, given by their father to appellee Henry Kenneke, declared to have been mortgages only, for the security of certain indebtedness, and for an accounting and to redeem. An answer was filed traversing the material allegations of the bill, to which a replication was filed, and on the issues so formed the cause was heard in and by the court below on the verbal testimony of witnesses there produced, and documentary evidence offered and received as exhibits. A decree was entered dismissing the bill for want of equity from which this appeal is prosecuted.

The errors assigned are, error in admitting incompetent evidence on the part of appellee Kenneke; error·in rejecting competent evidence offered by appellants and all the other errors assigned raising questions of fact only. The errors in ruling on evidence can be briefly disposed of. Appellee Kenneke did not, as claimed by appellants in their argument, testify to any settlement with the father of appellants. It is a misconception of the evidence to so say. What he testified to was that he had not in his possession any notes or evidence of indebtedness given by the deceased to him, and had not had any such in his possession since the death of appellants' father.

An inventory in the estate of the deceased, made up by his executor, was offered and its admission refused. This was proper because the issue was whether or not certain deeds made by the deceased were in fact mortgages, and the acts of the executor of the grantor in those deeds in putting in an inventory the real estate described, or intended to be described in the deeds, would throw no light on that issue and would be in the nature of a self-serving statement.

We see no reversible error in rulings on evidence. The remaining errors go simply to the facts in the case as shown by the evidence.

It appears from the evidence that appellants' father was the brother in law of appellee Kenneke and was ill in a hospital at Winnetka, Illinois. About five or six weeks before he died he called up an attorney by the name of Rathje, who was and had been appellee Kenneke's attorney, and stated to Rathje that he had sold his real estate to appellee Kenneke, and that Rathje should get the title in shape and prepare a deed for him to execute, and that in pursuance of such conversation a deed was prepared. A few days later the grantor in the first deed gave a second deed to correct an error in the description of the real estate. The grantor in these deeds died November 11, 1905, leaving a will by which he gave his real estate to appellee Christian Meier in trust for the three children of the testator. This will by the way, was dated July 23, 1904, and the two deeds were dated respectively October 11, 1905 and October 31, 1905. On October 3, 1912, seven years after the giving of the first deed, appellants commenced this suit to have said deeds set aside and declared mortgages only and asking for leave to redeem therefrom.

The trial court upon a full hearing found that the allegations of the bill were not sustained, and the conclusion of the trial judge on conflicting evidence, as this was, should not be disregarded unless clearly and manifestly erroneous.

It is the settled law of this State that a deed that is absolute on its face is not to be considered a mortgage unless it is made to appear clearly and satisfactorily that it was so intended at the time of its execution. *Strong v. Strong*, 126 Ill. 301; *Story v. Springer*, 155 Ill. 25.

A careful review of the evidence in this case does not satisfy this court that the evidence is of that clear and convincing character to warrant a finding that

these deeds were but in fact a mortgage, and so intended by the parties thereto. There is no proof that at the time when said deeds were executed the grantor therein gave to appellee Kenneke any note or other evidence of indebtedness. There is evidence of certain things that appellee Kenneke is alleged to have said subsequent to the death of the grantor in the deeds. It clearly appears from the evidence that appellee Kenneke had advanced a considerable sum of money to appellants' father for certain purposes, and to pay his hospital bills at the sanitarium. Rathje testified that the deceased Heinberg told him he had sold his land to appellee Kenneke, and to make out a deed and send to him, and testified to other things tending to show that the deceased called the transaction a sale. It appears from the evidence that at the funeral of the deceased and again at appellee Kenneke's home in Elgin that Kenneke said in substance to or in the presence of all the appellants that if they would get the money together and pay him what their father owed him he would deliver up the papers to them, whatever that might have meant. What appellee Kenneke said is just as consistent with meaning that this land had been conveyed to him in payment of what appellants' father had owed him in the past, and if they would pay him what their father had owed him he would give up the land.

It appears that the executor of the deceased had certain conversations and wrote certain letters to appellee Kenneke about the property. To these conversations and letters, it would appear from the evidence that appellee Kenneke made no reply, or else told the executor that he owned the property. It is probably true that appellee Kenneke intended at the time he said to appellants that if they would pay over to him what he had in the property, or scrape the money together and pay him what their father had owed him or what their father owed him, he would have conveyed

the land to them; but it is to be borne in mind that this bill was not filed until about seven years after these statements are alleged to have been made, and it cannot reasonably be said that appellee Kenneke intended to leave this matter open for years.

It seems from the conversations detailed that appellants did not ask him how much money he had in it nor did he state to them how much money he had in the property, or how much their father owed him or had owed him.

We are satisfied that the evidence falls far short of that clear and convincing character required by the law, to have deeds absolute in form declared mortgages only. Decree affirmed.

*Affirmed.*