WheeleR, J.
It is understood to he conceded by counsel for the appellant that the plaintiff was not entitled to judgment for the notes first described, hut it is said that the judgment is erroneous in that the court did not give judgment for the smaller note last described, under the provision of the 4th section of the act of 1840, “allowing discounts and set-offs.” This case, however, does not come within that provision. Its language is, “should the claim of the plaintiff be reduced to a sum not within the jurisdiction of the court by payment, then judgment shall be given in favor of the plaintiff for tlie balance due,” &c. (Hart. Dig., p. 223.) To bring the case within the statute the claim of the plaintiff, which is “reduced to a stun not within the jurisdiction of the court,” must have been originally and before it was so reduced within the jurisdiction of tile court. But the two demands to which the evidence of payment applied and the only demands embraced in the suit, which were originally within the jurisdiction of the court, had been the subject of a settlement in which they had been extinguished before the institution of the suit. They could not then be included with a demand not within the jurisdiction of the court in order to give it jurisdiction of that demand. Had the suit been instituted upon a single demand which had been reduced by payment upon it to a sum not within the jurisdiction of the court, it would liave presented a very different case, and such an one as the statute contemplates.
The only demand of the plaintiff subsisting when the suit was brought, not having been within the jurisdiction of the court, the case was rightfully dismissed for the want of jurisdiction, and the judgment must be affirmed.
Judgment affirmed.