VICTOR GIRARDIN ET AL. V. FRANK DEAN.

1. PLEA OF RES ADJUDICATA.—The applicability of the plea of *res adjudicata* depends upon the identity of the cause of action or matter of defense in issue, and not the identity or similarity of the points or grounds urged to support the action or matter of defense.

2. JUDGMENT, CONCLUSIVENESS OF.—All the matters involved in the issue determined by the court are as fully concluded by the judgment as those considered and discussed, if the matter put in issue has been determined on its merits.

3. RES ADJUDICATA—PARTIES.—The fact that parties in the first suit are not identically the same as those in the second, when the first case was decided on its merits, and not upon exception to the joinder or non-joinder of parties, is no answer to the plea of former judgment.

4. SAME—PRACTICE.—The plea of former judgment being sustained as to part of the plaintiffs, under our liberal system of practice, the remaining plaintiffs, in an effort to protect themselves against the collection of a tax, could proceed with the suit, if after such dismissal the court had jurisdiction of the suit as changed, by the effect of the plea, as to the other plaintiffs.

5. SAME—WANT OF JURISDICTION.— The aggregate amount of the taxes sought to be enjoined having been reduced by the effect of the plea of former judgment below the sum of five hundred dollars,

the District Court had no jurisdiction, and it was therefore error to render any other judgment than a dismissal.

APPEAL from Galveston. Tried below the Hon. William H. Stewart.

Under the act to authorize the several counties of the State to raise means to pay their indebtedness, approved May 1, 1874, (Paschal's Dig., 6026*m*,) the County Court of Galveston county levied, for the year 1875, upon the property, real and personal, in Galveston county, a tax of one-eighth of one per cent. The County Court did not levy this tax upon the occupations and professions taxed by the State in said county.

The law authorizing said tax is as follows: * * * "The County Courts shall proceed to levy a special tax on the assessed valuation of real and personal property of such county; and upon occupations and professions taxed by the State; and upon polls in said county, for the purpose of paying such claims. The *ad-valorem* tax here authorized shall in no one year exceed one-fourth of one per cent. The income and occupation tax for no one year shall exceed one-tenth of the tax levied by the State, and the poll tax not more than fifty cents for each poll in the county." (Paschal's Dig., 6026*m*.)

To restrain this tax, with several other special taxes, Joseph Labadie and twenty-three other tax-payers brought suit against Frank Dean, collector, &c.; which suit was tried on its merits, and judgment therein rendered against the plaintiffs. The case was also affirmed on appeal. (Labadie *v.* Dean, 47 Tex., 90.)

January 11, 1878, appellants sued out an injunction restraining Dean, the appellee, from advertising and selling their property for the collection of this tax, which he was proceeding to do.

Dean demurred to the petition, and pleaded the former judgment, rendered in the suit of Labadie *v.* Dean.

To the plea of *res adjudicata*, the plaintiffs excepted.

The plaintiffs Victor Girardin, Bernard McDonnell, John Hibbert, John C. Trube, L. E. Edmonson, T. C. Armstrong,

E. H. Seiting, J. W. Rice, A. C. Crawford, Victor Baulard, and H. J. Lausen were not parties to the former suit.

Of the plaintiffs, the following were parties: Joseph Labadie, A. T. Lufkin, Barney Tiernan, J. C. Gorham, the firms of A. C. Crawford & Sons, Reyband & Simmons, and Rice & Baulard. The members of these firms were individually in this suit.

The exceptions so urged were—

1. It appears from the plea that the parties plaintiffs in the former suit are not the same parties as those in this suit.

2. It does not appear from said plea that the issues in controversy in the former suit pleaded are the same as those in controversy in this suit, and that the issues in controversy in the former suit pleaded have been adjudicated on the merits, and have been finally determined.

The court sustained the exceptions to the plea as to those not parties to the former suit, (Labadie *v.* Dean,) but overruled them as to those who were parties to the former suit.

Deducting the amount of taxes sought to be enjoined belonging to those in the former suit, there remained an amount in controversy (the sum of the taxes of the new parties) less than five hundred dollars. The petition set out the amount of tax claimed of each plaintiff.

The court below dissolved the injunction, dismissed the bill, and rendered judgment against the plaintiff for costs and for eighty dollars damages, being ten per cent. on the amount sought to be enjoined in the petition. The plaintiffs appealed.

*L. E. Trezevant,* for appellants, cited Cooley on Taxation, 32, 34, 250, 251, 253, 209; Cooley's Const. Lim., 191, 488, 518, 520; Dillon on Mun. Corp., sec. 55; Sedg. on Stat. and Const. Law, 466; Mack *v.* Jones, 1 Foster, 395; Dillingham *v.* Snow, 5 Mass., 547; Weeks *v.* Milwaukee, 10 Wis., 186; Blackw. on Tax Titles, 106, 164, 447; McSpedon *v.* Mayor of New York, 20 How., (Pr. R.,) 395; City of Leavenworth *v.* Norton, 1 Kan., 432.

*Frank M. Spencer,* (District Attorney,) for appellee, cited Danl. Ch. Prac., 4th ed., 301; Story's Eq. Pl., secs. 509, 544; High on Inj., 41–43; Makepeace *v.* Haythorne, 4 Russ., (Eng. Ch. R.,) 246; King of Spain *v.* Machado, 4 Russ., 225; Endictt *v.* Mathis, 1 Stock., 110; Bank of U. S. *v.* Schultz, 3 O., 61; Weeks *v.* Milwaukee, 10 Wis., 186, 205; Muscatine *v.* Railway Co., 1 Dill., 536; High *v.* Shumaker, 22 Cal., 369; Cooley on Taxation, 154; Fall *v.* Ratliff, 10 Tex., 291; Hammonds *v.* Belcher, 10 Tex., 273; R. G. R. R. Co. *v.* Scanlan, 44 Tex., 650.

MOORE, ASSOCIATE JUSTICE.—The court did not err in overruling the plaintiffs' exceptions to defendant's plea of *res adjudicata,* as to such of the plaintiffs as were parties to the former suit. It is plainly apparent from the answer, and exhibits attached to and made a part of it, that the subject-matter of this suit is identical with one of the issues in the former action. In this case, just as in the former suit, the plaintiffs allege that the tax of one-eighth of one per cent. on the assessed value of the taxable property situated and owned in Galveston county, for the year 1875, which the defendant was about collecting, had not been legally levied by the County Court, and that the defendant had no legal authority to collect and enforce payment of said pretended tax. The relief sought in both cases is precisely the same. It is of no consequence, if the reasons urged to sustain the issue presented in this suit may not be precisely those relied upon, or in the mind of the pleader, when framing the petition in the first case. The applicability of the plea depends upon the identity of the cause of action or matter of defense in issue, and not the identity or similarity of the points or grounds urged to support or maintain the action or matter of defense; otherwise litigation would only end when the ingenuity of counsel could not suggest additional grounds in support of the issue, though the gist of the issue may have been more than once considered and decided by the court. Cases cannot be thus pre-

sented and determined by piecemeal. All the matters involved in the issue determined by the court are as fully concluded by the judgment as those considered and discussed, if the matter put in issue has been determined by the court upon the merits. (Rogers v. Higgins, 57 Ill., 244; Chesapeake Co. v. Gittings, 36 Md., 276; Phelan v. Gardner, 43 Cal., 306; Shepardson v. Cary, 29 Wis., 34; Burford v. Kersey, 48 Miss., 643.)

The fact that parties in the first suit are not identically the same as those in the second, when the first case was decided on the merits, and not upon an exception to joinder or nonjoinder of parties, is certainly no answer to the plea; otherwise, no matter how often a case be decided, the parties might renew the litigation by simply joining with them a new party.

But although the plea may be good in law, it is of no avail, as a defense, unless its material averments are found to be true by the jury or the court, when, by consent of parties, the issues of fact are submitted to its determination. It is, therefore, necessary for us to consider whether the facts alleged in this plea have been proved so as to warrant the court in pronouncing a judgment upon the hypothesis that the truth of its averments have been established.

Appellee's answers presented but two issues of fact, viz.: 1. The allegations in the plea of *res adjudicata*; and 2. The denial of the averments in the petition. The judgment does not, in direct and explicit terms, state the finding of the court on these issues. It is of no moment that it should. An inspection of the record clearly shows, that if the court passed upon the plea of *res adjudicata*, it must, or should, have found for appellee. Its essential facts were, *prima facie* at least, established by the record of the former suit; and no rebutting evidence whatever was adduced by appellants. A contrary finding would have been not only unsupported by, but in direct and palpable conflict with, all the evidence in the case. Taking it for granted, as we think we must, that the court found the allegations of the plea to be true, what should

have been its judgment? We answer, the dismissal of the case; for it is obvious, from the facts alleged in appellants' petition, that the aggregate amount of taxes for which appellants could litigate, after the determination of the former suit, was not sufficient to give this court jurisdiction of the cause. But if it was admitted that the court did not find for appellee upon the plea, but upon the general denial, notwithstanding the statement of facts says appellants "proved all the allegations set forth in their petition to be true," we would be constrained to hold, as the question goes to the jurisdiction of the court, that it erred in not finding the plea of *res adjudicata* to be true; and whatever may have been its determination on the issue raised by the general denial, the case should have been dismissed.

We do not say that this would be the effect of the finding, if the taxes of the plaintiffs who were not parties to the former suit amounted in the aggregate to the sum of five hundred dollars; for we see no good reason why, under our liberal system of procedure, the parties bound by the former judgment should not be dismissed, and those who were not thus bound should not be permitted to proceed, if the court, notwithstanding the dismissal of the parties bound by the former judgment, still had jurisdiction of the case. If, however, the legal effect of the verdict or finding upon the plea leaves the court without jurisdiction to hear and determine the merits, it must be dismissed as to all parties. (Bonner *v.* Watson, 6 Tex., 172.)

It follows, from what has been said, that the court erred in considering and determining the case upon its merits, and awarding damages; and, for this error, the judgment is reversed and the cause remanded to the District Court, that such action in it may be there taken as the law bearing upon the facts, as they may be then and there exhibited, authorize and require.

　　　　　　　　　　　　　　　Reversed and remanded.