### WILLIAM FRANKEL v. HEIDENHEIMER BROS.

(No. 1303, Op. Book No. 2, p. 526.)

APPEAL from Galveston County. Opinion by WHITE, P. J.

§ 807. *Res adjudicata; evidence in support of plea of.* Appellant pleaded *res adjudicata* in bar of appellee's suit, and in support of his plea offered in evidence a certified copy of the petition and amended petition in the suit, in which his plea alleged the matters in controversy in this suit had been adjudicated, and also a certified copy of the plea in said cause, and also a certified copy of the judgment in said cause. This evidence, upon objection made by appellees, was rejected, upon the ground that nothing less than the entire record in the case would be competent or admissible evidence. *Held*, the court erred in rejecting the evidence. Whenever the defendant offered all that portion of the record pertaining to, and enough of it, to show the action had relative to the facts stated in his plea of *res adjudicata*, it was unnecessary that he should produce other portions irrelevant and unnecessary to that issue. These other portions of the record could not affect the question, and were wholly immaterial, and as such were not pertinent. The applicability of the plea of *res adjudicata* depends upon the identity of the cause of action or matters of defense in issue, and not the identity or similarity of the grounds or points urged to support or

459

maintain the action or matter of defense; and all the matters determined by the court are as fully concluded by the judgment as those considered and discussed, if the matter put in issue has been determined by the court upon the merits. The fact that parties in the first suit are not identically the same as those in the second, when the first case was decided on the merits, and not upon exception to the joinder or non-joinder of the parties, is certainly no answer to the plea of *res adjudicata.* [Gerardin v. Dean, 49 Tex. 243.] There is no better settled principle than that the judgment or decree of a court of competent jurisdiction directly upon the point, or necessarily involving the decision of the question, is conclusive between the parties and their privies upon the same matters coming directly in question in a collateral action in the same or another court of competent jurisdiction. [Tadlock v. Eccles, 20 Tex. 782.] Again, it has been further held, that a plea of former adjudication to which is annexed a copy of the proceedings in such former suit, in which the cause of action does not appear identical, but accompanied by distinct averments that the matter adjudicated was the identical subject matter, and that the trial was upon the merits, should not be stricken out upon exceptions. [Bledsoe v. White, 42 Tex. 131.] And the same reasons should hold with equal force with reference to testimony offered in support of the plea, and it should not be rejected arbitrarily where it is pertinent and relevant to the issue, but should be submitted to and passed upon by the jury.

February 15, 1882.　　　　　Reversed and remanded.