THE PEOPLE ex rel.

v.

ALONZO R. HILL.

182    425
195    623

*Opinion filed October 19, 1899—Rehearing denied December 13, 1899.*

1. PLEADING—*answer to petition to disbar attorney should explain the transactions fully.* An answer to an information for disbarment filed against an attorney, charging him with malconduct and violation of duty, should not merely deny the charges made, but should explain and set out the *bona fide* character of the transactions to which they relate.

2. ATTORNEYS AT LAW—*fraudulently inducing court to take jurisdiction of divorce cases is ground for disbarment.* It is a sufficient ground for disbarment that an attorney, by virtue of false evidence, fraudulently induced the court to take jurisdiction of suits for divorce and enter decrees in them.

3. SAME—*circuit court's judgment convicting attorney of malconduct is res judicata in subsequent disbarment proceeding.* A judgment of conviction entered on a plea of guilty to an information against an attorney in the circuit court, charging him with malconduct, is conclusive in a subsequent disbarment proceeding.

4. SAME—*when judgment convicting attorney of malconduct will not be vacated.* A judgment of conviction rendered by consent, by way of compromise, to prevent the trial of other charges against an attorney charged by information with violation of duty, will not be vacated, in the absence of fraud, on the ground that the attorney acted on the erroneous advice of counsel.

ORIGINAL information for disbarment.

This is an information, filed in this court by the Attorney General of the State on behalf of thirty-nine members of the bar of Vermilion county, alleging that the defendant is a licensed attorney, and has been guilty of malconduct as such in bringing and prosecuting suits for divorce, in which fraud was practiced on the court, of which the defendant had notice. The information further alleges, that the acts, therein set up and hereinafter referred to, are in violation of his duty as an attorney, and contrary to the statute, and against the dignity and peace of the People of the State. The prayer of the informa-

tion is, that the name of the defendant, Alonzo R. Hill, be stricken from the roll of attorneys of this court.

A sworn answer was filed by the defendant to the information. To this a replication was filed, and issue was joined. The case was referred to a commissioner to report to the court the evidence of the respective parties. The evidence has been taken, and reported in compliance with the order; and the case has been argued by the parties, and is submitted for decision.

The information makes the following charges against the defendant:

"1. That in the circuit court of said Vermilion county, at its January term, A. D. 1898, in a certain divorce proceeding there pending, entitled No. 6281, *Little* v. *Little*, he falsely and fraudulently represented to the judge of said court that jurisdiction had been obtained over the defendant in said cause by the service of summons duly had and returned, whereas, in truth and in fact, there was no summons returned and the court was without jurisdiction; and also that the said defendant in said cause was then and there an insane person and confined in the asylum at Kankakee, as the said Hill then and there well knew, which fact he concealed from the court; and by reason of the premises the court heard evidence and was asked to enter a decree, but discovering the fraud refused to do so.

"2. That in another divorce case in the same court, at its May term, A. D. 1898, entitled No. 6361, *Christian Roos* v. *Dora Roos*, there was filed a false affidavit of non-residence of the defendant in the cause, alleging said Dora Roos to be a non-resident of the State of Illinois, whereas, in truth and in fact, she resided in Chicago, in this State, as said Hill then and there well knew; and further, that in said case, as a cause of divorce, it was alleged that the defendant abandoned the complainant, whereas, in truth and in fact, the complainant had abandoned the defendant and was then under indictment for wife aban-

donment found by the grand jury of Cook county, and by means of false and perjured evidence procured a decree of divorce to be therein entered in favor of the complainant, which decree was afterwards vacated at the same term on account of the fraud practiced on the court, of all of which said matters and of the falsity thereof said Hill had knowledge, and acted as attorney for the complainant; which acts were unprofessional, dishonorable and scandalous, and calculated to bring the courts of justice into disrepute and contempt and tarnish the good name of the profession, and contrary to his duty as an attorney and counselor at law."

The information filed here further alleges, that an information was filed in the circuit court of Vermilion county, charging the defendant with numerous acts of unprofessional conduct, and particularly with the same acts above set forth; that he was summoned into the circuit court, filed an answer denying all the charges, and, afterwards, being in court in person and by his attorneys, withdrew his answer, and pleaded guilty to the charges above specified on May 29, 1898, of the May term of said circuit court.

The answer of the defendant to the information here admits, that he is an attorney, and that an information was filed against him in the circuit court of Vermilion county to the effect above set forth; that he answered the same; and that he did plead guilty to the allegations in the said information, which are: "That he did impose upon the officers of the said circuit court by bringing and prosecuting actions for divorces, in which frauds were practiced upon the court to obtain the same, of which frauds he then and there had notice," and particularly that "he was guilty of the offenses charged against him in the paragraphs, numbered 1 and 2, of the information, as above set forth."

In his answer the defendant says, that, if he was guilty of any such offenses, they were committed in Vermilion

county; that, in the proceedings there, the circuit court adjudged that he was guilty, "and that the State's attorney entered a *nolle* to all charges, and the defendant was therein sentenced to a suspension of all his rights as an attorney and counselor at law in the county of Vermilion for the term of two years, and to pay costs." The answer further alleges, that the "defendant was induced to plead guilty to said charges by assurances from the State's attorney, that the matter against him would not be further prosecuted; that he was anxious to rid himself of further trouble; that he had a large and profitable business in Vermilion county and adjoining counties; that he would not have pleaded guilty to the said charges, if he had not been assured, and believed, that he would not suffer further prosecution."

E. C. AKIN, Attorney General, and S. G. Wilson, State's Attorney, (F. LINDLEY, I. A. LOVE, and G. F. REARICK, of counsel,) for the relators.

SALMANS & DRAPER, for the respondent.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The offenses charged against the defendant relate to two divorce suits, brought by him in the circuit court of Vermilion county, entitled *Hannah A. Little* v. *Flavius N. Little*, and *Christian Roos* v. *Dora Roos*. It is charged in the *Little case*, that the defendant falsely represented to the court, that there was personal service of the summons therein, and that there had been a return by the sheriff of said summons; and, also, that the defendant, Hill, concealed from the court the fact that Flavius N. Little was insane; and that, by reason of these representations, he sought to induce the court to enter a decree of divorce, which, however, the court, upon discovering the fraud, refused to do.

It is charged that, in the *Roos case*, the defendant, Hill, induced the circuit court to take jurisdiction by virtue of false evidence as to the residence of Dora Roos, defendant therein, Hill knowing that the evidence was false; and by falsely alleging desertion by the defendant as a cause of divorce, when he knew that there had been no such desertion. The decree of divorce in the *Roos case* was entered, but was afterwards set aside by the circuit court upon discovery of the fraud.

If the defendant, Hill, was guilty of the conduct thus charged against him in these divorce cases, there is ground for his disbarment. (*People ex rel.* v. *Beattie,* 137 Ill. 553). It is to be observed, that the answer of the defendant does not deny the truth of the charges made against him in the information in the circuit court, so far as the divorce cases are concerned; nor does he explain and set out the *bona fide* character of the transactions to which the charges relate. "In answering the charges, preferred by the accusation or information and the accompanying affidavits, particularity should be observed, not merely to deny the charges, but to explain and set out the *bona fides* of the transactions to which they relate." (6 Ency. of Pl. & Pr. 715).

The record of the proceedings in the information, brought against the defendant in the circuit court of Vermilion county, shows that he pleaded guilty to these charges of misconduct in the divorce cases, and consented to the entry of an order suspending him from practicing in that court for a period of two years. The defendant's plea of guilty in the proceedings brought against him, and the judgment of conviction entered upon that plea, certainly constitute an admission of his guilt. In his sworn answer to the information in this court, he admits that he pleaded guilty and consented to the judgment of conviction, but says that he did so because of the assurance of the State's attorney, that he would not be further prosecuted. In his testimony, however, given be-

fore the commissioner, appointed by this court to take testimony in this case, he states, that he did not authorize his attorney to plead guilty for him; and that such plea of guilty was not authorized by him. In other words, his defense in his answer is an admission of pleading guilty, but with promise of no further prosecution; but his defense, as made when testifying, is, that the plea of guilty was entered without his authority or consent. "Where, in compromise of a claim, judgment has been rendered against the defendant with his consent, he can not, in the absence of proof of fraud, have it vacated on the ground that he acted on the erroneous advice of counsel." (11 Ency. of Pl. & Pr. 1030, note 5).

The question at issue between the People and the present defendant in the proceedings by information in the circuit court of Vermilion county was, whether or not the defendant was guilty of the charges there made against him; and, inasmuch as that question was there adjudicated, the judgment is conclusive in this proceeding, which is also a proceeding by the People upon the relation of the Attorney General against the defendant. When a question at issue between two parties is once adjudicated in a former proceeding in a court of competent jurisdiction, the judgment, so adjudicating it, is conclusive whenever the same fact is again put in issue between the same parties. (*Hanna* v. *Read*, 102 Ill. 596; *Wright* v. *Griffey*, 147 id. 496; *Louisville, New Albany and Chicago Railway Co.* v. *Carson*, 169 id. 247; *Markley* v. *People*, 171 id. 260).

There is, however, evidence outside of the record of the proceeding by information in the circuit court of Vermilion county, and the judgment of conviction rendered therein, which establishes the truth of the charges made against the defendant.

The testimony shows, that the defendant drew an affidavit in the *Roos case*, alleging that Dora Roos was a non-resident the State of Illinois, and procured publication to be made against her as such non-resident, when

he knew that the affidavit was not true. Christian Roos testifies in this case, that, when he applied for a divorce from his wife in 1898, she resided on Milwaukee avenue in the city of Chicago in the State of Illinois; and that he told the defendant, Hill, of his wife's residence in Chicago. Several witnesses also testify to the fact, that the defendant, in the *Little case*, represented to the court, that the summons therein had been served, when such was not the fact. The defendant himself, in his testimony, denies what these other witnesses thus say, but he is impeached by forty reputable citizens, business and professional men, living in Vermilion county. These witnesses all swear, that the reputation of the defendant for truth and veracity in Danville where he lives is bad, and that they would not believe him under oath. He does not produce a single witness to state that his reputation for truth and veracity is good.

The statement of the defendant, that he was promised immunity from further prosecution for his non-professional conduct if he should plead guilty to the charges against him of misconduct in the divorce cases, is denied by the State's attorney, and two members of the bar, who were instrumental in procuring the judgment of conviction in the circuit court of Vermilion county, by which he was suspended from practicing his profession in that county for two years. They swear, that he pleaded guilty and consented to the judgment upon condition that the case, then pending against him, should not be further prosecuted, but without any promise in reference to further proceedings, or to proceedings in the Supreme Court of the State, or elsewhere. It appears that the information in the circuit court of Vermilion county not only charged the defendant with malconduct in regard to the divorce cases, but also charged him with a number of other offenses, to-wit, with the slander of officers of the courts of Vermilion county, and that he had been convicted thereof; also, that his reputation for truth and

veracity was bad, and had been impeached, and that such impeachment had been made from time to time for the past fifteen years, and twice during the then term of court; also, that, in the past fifteen years, he had been indicted, or prosecuted, fifteen times for different offenses against the criminal law of the State; also, that he was indicted in the year 1891 on the charge of burning public records, and found guilty thereof by a jury, though, on a second trial, he was found not guilty; and, also, that he had been repeatedly arrested and imprisoned by the police, but had been released on account of corrupt testimony furnished by himself. The evidence in this case tends to show that he pleaded guilty, in the proceeding in the Vermilion county circuit court, to the charges made against him in the information there relating to the divorce cases, only for the purpose of avoiding a trial upon the other charges, made in said information, which did not relate to the divorce cases. One of the members of the bar, assisting the State's attorney in the prosecution in Vermilion county, states that the defendant said: "If I plead guilty, you will prosecute me for perjury," and that the State's attorney said that he thought there was no disposition on the part of the bar to send him to the penitentiary. The testimony is conclusive to our minds, that the defendant, Hill, was present with his counsel in the circuit court of Vermilion county when the plea of guilty was entered, and when the judgment of conviction was rendered against him; and that he knew, and understood, and consented to what was there done. Neither the defense set up in his answer, nor the defense put forward in his testimony, is sustained by the evidence.

We are of the opinion, that the charges, made in the information in this case against the defendant, are established by the proof; and that the conduct of the defendant has been unworthy, and of such a character as tends to defeat and corrupt the administration of justice.

Therefore, let the rule in this case be made absolute, and let an order be entered, striking the name of Alonzo R. Hill, respondent herein, from the roll of attorneys of this court in accordance with the prayer of the information filed by the Attorney General.

*Rule made absolute.*