THE PEOPLE *ex rel.* Frank A. Johnson *et al.*

*v.*

JAMES MARION MILLER.

*Opinion filed April 16, 1902.*

1. EVIDENCE—*section 13 of Evidence act applies to foreign as well as domestic judgments.* Section 13 of the Evidence act, providing that records of courts may be proved by a copy thereof, certified under the hand of the clerk of the court having the custody thereof, and the seal of the court, applies to foreign judgments as well as domestic, notwithstanding the act of Congress which provides a method of authenticating the judgments of sister States.

2. DISBARMENT—*when judgment of disbarment is not res judicata.* A judgment of disbarment by a court in a foreign State is not *res judicata* in a proceeding for disbarment in Illinois based on such judgment, to the extent that it cannot be proved by the respondent that such judgment was re-opened by the court in the foreign State and vacated after a hearing of the charges.

3. SAME—*when relators are not entitled to notice of proceeding to re-open judgment.* Parties upon whose relation a disbarment proceeding is instituted in Illinois, based upon a foreign judgment of disbarment, are not entitled to notice of a proceeding to have the foreign judgment re-opened and the issues re-heard where they are not parties to such judgment.

4. SAME—*when record of judgment is admissible though judgment is not pleaded.* Where the only evidence to establish the truth of a disbarment proceeding in Illinois consists of a judgment of a court in a foreign State, the respondent may give in evidence a certified copy of the record of the proceedings in such foreign court opening such judgment and setting it aside and restoring the respondent to good standing, though the latter judgment was not pleaded.

INFORMATION for disbarment.

CHARLES F. LOESCH, and JOSEPH W. MOSES, (H. J. HAMLIN, Attorney General, of counsel,) for the relators.

JAMES MARION MILLER, *pro se.*

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 3, 1895, the respondent, James Marion Miller, applied to this court for admission to the bar of this State upon a license issued to him by a district court of the State of Nebraska. The application was accompanied with said license and a certificate of good moral character granted to him by the county court of Cumberland county, in this State, on September 30, 1895, and also by his affidavit that he was on February 28, 1891, duly licensed to practice law by said district court, whereby he was permitted to practice in all the courts of said State; that he had practiced law under said license for a period of two years, and that at the time such license was granted the course of study required in the State of Nebraska was equal to that prescribed in rule 45 of this court. The application was granted, and he was admitted to practice as an attorney and counselor at law in this State. A license was issued to him and his name was added to the roll of attorneys of this court. At the June term, 1899, upon leave granted, an information was filed in this court by the Attorney General, on the relation of a committee of the Chicago Bar Association, against the respondent, alleging that at the time of the issuance of the certificate of good moral character by the county court of Cumberland county and the granting of the license by this court, proceedings for disbarment for unprofessional conduct were pending against respondent in the district court of Douglas county, Nebraska, and that after a hearing by said court the charges were found to be true, and he was disbarred and prohibited from practicing in the courts of the State of Nebraska. Attached to the information as an exhibit was a copy of the report of a committee of the bar to the district court of Douglas county, Nebraska, charging the respondent

with unprofessional conduct, forgery and embezzlement, and recommending that the charges be investigated, and, if found true, the respondent be disbarred. The information was also accompanied with a copy of the judgment of said district court finding that due notice of the hearing was served upon the attorney of record for the respondent; that a copy of the charges and specifications was served on him personally; that he refused, neglected and declined to deny the charges made against him or to defend the same in any manner; that he was guilty of the charges contained in two specifications, and that the court declined to hear the remainder of the charges. The judgment was, that he be removed from the office of attorney and counselor at law in said court, and that his name be stricken from the roll and he debarred from practicing in said court and all the district courts of the State of Nebraska. A rule was granted requiring the respondent to show cause why his name should not be stricken from the rolls of this State, and he answered the information, denying the truth of the charges made against him in Nebraska, and alleging that he employed an attorney to defend against them, and was ignorant that any proceedings were taken in pursuance of the charges, and was deprived of any opportunity to present his defense. We referred the issue to Morris St. Palais Thomas, master in chancery of the superior court of Cook county, as commissioner to take and report the evidence of the parties, and he has taken and reported the same.

On the reference, the relators offered in evidence a copy of the record in the case of The State of Nebraska against James M. Miller, in the district court of Douglas county, Nebraska, entered April 25, 1896, being the judgment alleged in the information, and a copy of which was annexed thereto. The record showed personal service of the charges and notice of the hearing to the attorney of record, and was sufficient evidence to sustain the information. (*People* v. *Hill*, 182 Ill. 425.) Respondent tes-

tified in his own behalf, and also offered in evidence cer-
tified copies of proceedings had in said district court of
Douglas county, Nebraska, as follows: First, an order
entered May 15, 1901, setting aside the order of April 25,
1896, by which respondent was disbarred, and granting
him leave to file an answer, and referring the issue to
five members of the bar association of Douglas county,
with instructions to receive all competent and relevant
evidence, and report to the court the testimony, with
their findings of fact and conclusions of law; second, a
copy of the report of the referees, showing that an attor-
ney appeared, by appointment of the court, to prosecute
in behalf of the State of Nebraska, and respondent ap-
peared in person and by counsel, and finding that defend-
ant was not guilty of any of the charges preferred against
him; third, a copy of the judgment of said district court,
vacating and annulling the order of disbarment of April
25, 1896, and re-instating the respondent in all the rights
and privileges of an attorney and counselor at law of
the State of Nebraska. The record of these proceedings
was objected to upon several grounds, and it is insisted
that it was not admissible for the reason that it was not
authenticated under the act of Congress or the laws of
this State. The act of Congress provides a method of
authenticating the judgments of sister States, but it is
not exclusive. Our statute provides that the records of
courts may be proved by a copy thereof, certified under
the hand of the clerk of the court having the custody
thereof, and the seal of the court. (Hurd's Stat. 1899,
chap. 51, sec. 13, p. 860.) This statute is not inconsistent
with the act of Congress, and applies to foreign judg-
ments as well as domestic. It is a proper method of au-
thenticating records. (*Garden City Sand Co.* v. *Miller,* 157
Ill. 225.) The records were certified in accordance with
this statute.

Relators further object that the matter was *res judi-
cata,* and that the Nebraska court had no right to open

the judgment when it was done. It appears from the original judgment that the respondent was not represented, although served with notice, and in this case he offers some excuses for his failure to appear there. Whether his excuses were sufficient to authorize the Nebraska court to open the judgment was a question for that court, as well as whether it could be legally done. It is to be presumed that the original judgment was obtained because of some excusable neglect or mistake of the respondent which authorized the court to open it and set it aside. It is sought by the relators to question the judgment collaterally, which, we think, cannot be done for the reason offered.

Relators also object that they were not notified of the proceeding to open the judgment and have the issue reheard. They were not parties, and we do not think they were entitled to notice.

Lastly, it is objected that the record was not admissible because respondent had not pleaded the judgment. The only evidence for the relators to establish the truth of the charges made that respondent was not a proper person to be admitted to the bar of this State, that he was not of good character, and that the admission was obtained by fraudulent concealment of facts, consisted of the judgment of the Nebraska court. The case being now before the court, we might permit the respondent to amend his answer and allege that said judgment was vacated and set aside; but we think in this proceeding that it is not necessary, and that he may show that the judgment relied upon was set aside. The court that entered the judgment found, on the rehearing, that the charges were not true and vacated and annulled the judgment, so that there is no evidence to sustain the charges of the information.

The rule will therefore be discharged.

*Rule discharged.*