# Charles L. Reihm and Susan Reihm, Appellees, v. Clough-Reihm Company, Appellant.

## Gen. No. 7,724.

1. APPEAL AND ERROR—*questions presented by contention that a decree was res adjudicata.* On appeal from a denial of appellant's right to intervene in a partition suit where the only question submitted is whether a decree in a former suit dismissing appellant's bill of complaint for want of equity is *res adjudicata* of the matters set out in the petition to intervene, whether or not such former decree is erroneous, is not involved.

2. FORMER ADJUDICATION—*decree on bill to establish resulting trust conclusive in partition suit.* Under a bill to establish a resulting trust in one of the parties holding the legal title to land, any other rights or claim that complainant had against defendant as to such land should have been brought forward in that suit and as to such the decree therein is conclusive and cannot be the ground of intervention in a partition suit subsequently brought by the defendant concerning such lands.

3. FORMER ADJUDICATION—*trust decree as bar to claim in partition.* On petition to intervene in a partition suit, a claim of petitioner's that it paid a sum of money to apply on a mortgage on the land in question after a settlement between the petitioner for intervention and complainant in the suit for partition and that it had thereby added to the value of the property and should be allowed to intervene and present such claim, involved a trust relationship which was adjudicated in a former suit brought by petitioner against complainant to establish a resulting trust as to such lands in complainant.

4. PARTITION—*sufficiency of proof of time of payment of incumbrance to support reimbursement.* A petition by a corporation to intervene in a partition suit so that it could present a claim for money paid by it upon a mortgage on the land was properly overruled when it did not show whether such payments were made before or after a decree in a prior suit between the parties involving the same land or whether they were made before or after a purchaser had entered into possession of a contract of purchase from petitioner.

5. JUDGMENTS AND DECREES—*sufficiency of record to show entry of decree.* Where it appeared that a docket entry was made by the court showing merely "Bill and Cross-Bill dismissed for want of equity" and that a formal order was entered and recorded by the clerk but not signed by the judge, the decree was valid.

Reihm et al. v. Clough-Reihm Co., 234 Ill. App. 199.

Appeal by defendant from the Circuit Court of Adams county; the Hon. FRED G. WOLFE, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed June 17, 1924.

JOHN E. WALL, for appellant.

C. R. SMITH and S. A. HUBBARD, for appellees.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

The controversy in this case arises over the petition of appellant, the Clough-Reihm Company, a corporation under the laws of Illinois, to intervene in a partition suit instituted by appellees on September 5, 1923, in the circuit court of Adams county, against John G. Clough, Emma Clough and the Quincy Building and Homestead Association, to partition a part of a lot in the City of Quincy, in Adams county.

The bill alleges that said Charles L. Reihm and James G. Clough are the sole owners of said lands, and that no other person or corporation has any interest therein, except the Quincy Building and Homestead Association, which originally had a mortgage securing an indebtedness to the amount of $1,000, a portion of said indebtedness having been paid.

The bill is in the usual form. James G. Clough and Emma Clough answered, denying specifically the allegations of the bill and alleging that one John Bramel was then in the occupancy and possession of said lands and claiming an interest in the same and is a necessary party to the suit.

Thereafter, on the 16th day of October, 1923, the appellant, Clough-Reihm Company, and John Bramel presented their petition to intervene in said suit, by which petition it was presented to the court: "That on the 17th day of January, A. D. 1916, the said Clough-Reihm Company was engaged in the business of buying and selling automobiles, and the said com-

plainant and John G. Clough were stockholders and directors of said company until, to wit, the 30th day of October, 1920, when the said Charles L. Reihm ceased to be an officer or stockholder of said company.

"That on the 17th day of January, 1916, the said Clough-Reihm Company sold to one Guido Janes an automobile; that said Guido Janes paid to the said Clough-Reihm Company, for said automobile, $225 in cash, and then and there proposed to deed to the said Clough-Reihm Company, as the balance of the purchase price of said automobile, the real estate described in complainants' bill of complaint; that said Clough-Reihm Company was advised that, under the laws of the State of Illinois, they could not hold said real estate, and with the knowledge and consent of the said Charles L. Reihm and John G. Clough, said real estate was deeded to them for the benefit of the said Clough-Reihm Company; that neither the said Charles L. Reihm nor the said John G. Clough paid any consideration, whatever, for the conveyance to them of the real estate described in complainants' bill of complaint."

It was further averred in said petition that at the time of said purchase said lands were incumbered by a mortgage to the Quincy Building and Homestead Association, to the amount of $1,531.19, and that the petitioner, Clough-Reihm Company, to meet the payments required to be made by the terms of said mortgage, and to make said lands more salable, had paid off the sum of $1,173.06 of said indebtedness with the co-operation of said appellee while he was a director and stockholder in said corporation, and that all of said payments had been made with the full knowledge and consent of said appellee, Charles L. Reihm.

It was further averred that said appellant had made such payments under the belief that it was owner of said lands, and that the said appellee, Charles L. Reihm, had acquiesced in all that has been done by said appellant.

It was further averred in said petition that on the 27th day of August, A. D. 1921, the said appellant, Clough-Reihm Company, and the said John Bramel, entered into a contract for the sale and purchase of said lands for a consideration of $1,200, and to carry out said contract the sum of $1,200, in Liberty bonds and moneys, was paid to the State Savings Loan and Trust Company of Quincy, by Bramel, for the purchase price of said lands, and it was agreed that said Trust Company should act as a trustee for both parties in the transaction. The title of the property was set out in the contract, and it was agreed that the vendor was to bring a suit to compel a conveyance from the appellant, Charles L. Reihm, and the contract contained provisions covering the situation in case appellant failed to procure title. The vendee, Bramel, was to enter into the immediate possession of said lands.

It was further averred in said petition that said Bramel entered into the immediate possession of the lands and has made lasting improvements thereon, and that said appellee, Reihm, knew about the said contract and about Bramel taking possession and the improvements made by Bramel upon the lands, and had made no objection to the same.

The petition further sets out the bill in chancery filed by appellant against Reihm to compel a deed, in which appellee Reihm filed a cross-bill but asked for no relief as against Bramel. The petition further went into the matter of the former litigation, which will be set out more fully in connection with appellee Reihm's amended bill of complaint.

On October 23, 1923, appellees obtained leave to amend their bill of complaint, and filed an amendment, the substance of which was that at the October term, 1921, of the same court, the appellant, the Clough-Reihm Company, filed its bill in equity, charging all of the matters in connection with said appellant cor-

poration, the connection of said Charles L. Reihm and John G. Clough therewith as stockholders and directors, the taking of said lot by said corporation in part payment of an automobile, as heretofore set out, and the mortgage upon said lot to the Quincy Building and Homestead Association; that the consideration for said lot was paid by the appellant, Clough-Reihm Company, but the title was taken in Charles L. Reihm and John G. Clough, and that by reason thereof a resulting trust was created in favor of said Clough-Reihm Company, and that said Clough and Reihm had no interest in said property except as trustees of the legal title to said lands for and on behalf of said corporation.

The bill set out the contract made by the corporation, Clough-Reihm Company, with John Bramel on August 27, 1921, and averred a demand upon the said Reihm and Clough to execute a deed of said premises to Bramel, but that the said Reihm had refused to execute any conveyance of the lot. A copy of the said Bramel contract was set out in the bill. To this bill Charles L. and Susan Reihm, John G. Clough and Emma Clough were made parties defendant, and the prayer of the bill was that the defendants be required to execute conveyances of said lot, either to the said John Bramel or to the complainant, or that the master in chancery be required to execute such conveyance.

By the amendment to the bill, it was further shown that the complainants (appellees in this case) appeared and answered the bill. The answer admitted that said Reihm was a stockholder and director in appellant corporation up to October 30, 1920. Appellees denied that it became necessary for said corporation to take said lot in the sale of said machine, and denied that said lot was taken for indebtedness due to the corporation, and denied that no consideration was paid for said lots by the defendants, and denied that a resulting trust was created in the defendants, in favor of complainant, appellee in this suit.

By said answer the defendants pleaded a complete and final settlement had between the complainant and said Charles L. Reihm on October 30, 1920, based upon an agreement in writing, which was as follows:

"C. L. Reihm:                              October 30, 1920.

"We give C. L. Reihm one check for $1272.00 as back salary dated Nov. 30th, and one check for $1513.00 dated Nov. 30th, 1920, this check is for stock in Clough-Reihm Company at 91c on dollar.

"We give C. L. Reihm one note due in one year from date for $1900.00 and one note due in two years for $1900.00 for stock.

"E. C. Whittaker pays C. L. Reihm $2000.00 cash for stock in Clough-Reihm Co.

"John G. Clough pays C. L. Reihm $500.00 for stock in Clough-Reihm Co.

"C. L. Reihm accepts one Paige Roadster Automobile and one Diamond T. Truck from the Clough-Reihm Company, as part payment on stock to the amount of $4187.00.

"In consideration of the above transactions, C. L. Reihm relinquishes his stock and any other interest which he now holds in the Clough-Reihm Company.

"Clough-Reihm Company releases C. L. Reihm from any obligations to the Clough-Reihm Co.

CLOUGH-REIHM CO.,
J. G. Clough,
C. L. Reihm."

And the defendants denied that the complainant was not indebted to the defendant Reihm, growing out of the settlement and accounting had upon October 30, 1920, but averred that the complainant was indebted to the defendant Reihm for salary from January 1, 1920, to October 30, 1920, and that the copy of the settlement agreement, delivered to the defendant Reihm, had written in the instrument that the salary clause covered the period of the year 1919 only, and defendants averred that said complainants still owed the said Charles L. Reihm the two notes for $1,900 each, described in said settlement agreement, and that

the complainant did not come into a court of equity with clean hands, demanding a conveyance of said lands before it had paid the said salary and note indebtedness.

The defendants further, in said answer, pleaded the statute as to express trusts, that there was no note or memoranda in writing acknowledging any trust in said lands.

As to the contract alleged in the bill with John Bramel, the defendants pleaded that they had no information and neither admitted nor denied the same. And the defendants denied that complainant corporation was entitled to any relief.

By the amendment to the bill it was further shown that in said suit Charles L. Reihm, as cross complainant, presented his cross-bill against the complainant, Clough-Reihm Company, to recover the said salary owing to him in the sum of $1,000 for services from January 1, 1920, to the 30th day of October, 1920. The complainant in said original suit answered the cross-bill, and there were replications to both bills filed and the cause was referred to the master in chancery to take the proofs and make a report of his findings of fact and conclusions of law thereon, and as averred in said amendment the master heard the proofs and made his report, to which objections were filed and overruled and before the chancellor exceptions were submitted to the report and were sustained by the court, and the complainant's bill of complaint, on June 9, 1923, was dismissed for want of equity and the amendment to the bill set out that all of the matters and things in said petition to intervene occurred long prior to the institution of said former proceedings and were fully covered and included therein, and that all of said matters have been by said suit fully adjusted and adjudicated between the parties, the petitioners and these complainants.

On October 24, 1923, the court passed upon the

petition of Bramel and appellant to intervene in said partition suit, and granted the petition as to John Bramel, but denied the appellant, Clough-Reihm Company, leave to intervene therein.

Some point is made that in the former suit there appear only docket entries made by the court showing: "Bill and Cross-Bill dismissed for want of equity," but there is produced a formal order entered and recorded by the clerk but not signed by the judge. Appellant, Clough-Reihm Company, again on October 29, 1921, filed an additional petition for leave to intervene, in which the settlement agreement of October 30, 1920, was submitted to the court and it was shown that after that date the appellant had paid the Quincy Building and Homestead Association the sum of $320 to apply upon said mortgage indebtedness, and by that amount had reduced the said indebtedness to the owner of said property.

The petition further set out some statements purporting to have been made by the chancellor as to dismissing the bill and cross-bill for want of equity; that "the instrument of October 30, 1920, released complainant Reihm from all obligations to the Clough-Reihm Company and for that reason the docket entries were made dismissing both the bill and cross-bill for want of equity." This, of course, could in no manner affect the record. The court again denied appellant leave to intervene in said partition suit and the case is brought on said petition and the record by the petitioner, Clough-Reihm Company, to this court by appeal.

The one question submitted by this appeal is whether the decree of the court of June 9, 1923, dismissing appellant's bill of complaint for want of equity in said former suit is *res adjudicata* of the matters set out in appellant's petition to intervene. It is not a question whether the decree was erroneous or not. An erroneous decree will bind the parties to

the suit the same as one free from error, so long as it stands unreversed. *Umlauf v. Umlauf,* 117 Ill. 584.

In *Bailey v. Bailey,* 115 Ill., at page 557, the court, quoting *Rogers v. Higgins,* 57 Ill. 244, said:

"The controversy cannot be reopened to hear additional reasons which before existed, and were within the knowledge of the party, in support of the same cause of action. The principle of *res judicata* embraces not only what actually was determined in the former case, but also extends to any other matter properly involved and which might have been raised and determined in it. The complainant in the first suit was represented by a guardian and an attorney, who knew or ought to have known what rights and title the complainant had in the property, and it was their duty to present that title, and if they failed it was through their own neglect, which cannot be used to complainant's advantage in a second suit."

And in *Rogers v. Higgins, supra* [p. 247] the court used the exact language:

"When the complainant before presented his cause of action before the court, he should have brought forward and urged all the reasons which then existed, for the support of it. The controversy cannot be reopened to hear an additional reason, which before existed, and was within the knowledge of the party, in support of the same cause of action."

In *Harmon v. Auditor of Public Accounts,* 123 Ill. 133, the court said:

"The value of a plea of former recovery is not to be determined by the reasons, which the court rendering the former decree or judgment may have given for doing so. (*Girardin v. Dean,* 49 Tex. 243; *Greathead v. Bromley,* 7 T. R. 456; *Barrett v. Failing,* 8 Ore. 152; Freeman on Judgments (3d ed.), sec. 275; *Davis v. Tallcot,* 12 N. Y. 184.) Nor is such former judgment or decree conclusive only as to questions actually and formally litigated. It is conclusive as to all questions *within the issue* whether formally litigated or not. In *Beloit v. Morgan,* 7 Wall. [U. S.]

619, it is said: 'The principle of *res judicata* reaches further. It extends not only to the questions of fact and of law which were decided in the former suit, but also to the grounds of recovery or defense, which might have been, but were not presented.' "

And these fundamental principles the court has reiterated in *In re Assessment of Northwestern University*, 206 Ill. 66; *Tinker v. Babcock*, 204 Ill. 575, and in the later case of *Marie M. E. Church v. Trinity M. E. Church*, 253 Ill. 24, Mr. Justice Cartwright again succinctly stated the rule:

"There was identity of parties and subject-matter in the two suits, and the rule is, that in such a case the question which was in issue and judicially passed upon and determined in the first suit is conclusively settled by the judgment and cannot be again litigated in another action between the same parties. (*Noyes v. Kern*, 94 Ill. 521; *Hanna v. Read*, 102 Ill. 596; *Wright v. Griffey*, 147 Ill. 496; *Louisville, N. A. & C. Ry. Co. v. Carson*, 169 Ill. 247; *People v. Hill*, 182 Ill. 425.) A complainant must present all the grounds showing his right to the relief prayed for which could have been presented, and if he does not, he will not be allowed in a second suit to take advantage of the omission. All questions relating to the same subject-matter which were open to consideration and could have been presented are conclusively settled, whether they were presented or not. (*Bailey v. Bailey*, 115 Ill. 551; *Harmon v. Auditor of Public Accounts*, 123 Ill. 122; *Lusk v. City of Chicago*, 211 Ill. 183.) The former judgment must be upon the merits, but a judgment on demurrer is as conclusive as a judgment from a finding of the facts alleged in the bill. (*Nispel v. Laparle*, 74 Ill. 306.)"

And in the later case of *Central Investment Co. v. Melick*, 267 Ill. 567, the court again said:

"The general rule is, that where a second action is based upon the same claim and demand as a former suit, the judgment in the former suit, if rendered upon the merits, is an absolute bar to the subsequent action,

and as to such claim concludes both parties and privies, not only as to every ground of recovery or defense actually presented, but also as to every ground which might have been presented in the former suit. (*Anderson v. West Chicago St. R. Co.*, 200 Ill. 329; *Marie M. E. Church v. Trinity M. E. Church*, 253 Ill. 21.)''

To such an unbroken line of authorities, both in the earlier and later cases, this court cannot do otherwise than adhere.

Appellant relies upon certain language used by the court in *Chicago Theological Seminary v. People*, 189 Ill. 443, wherein the court say:

''The inquiry must always be as to the point or question actually litigated and determined in the original action, *not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.*''

Based upon this holding of the court, appellant urges that the plea of *res adjudicata* in this case has left open the question of fact, to be determined from extrinsic evidence, just what issue was the basis of the court's decree in the former action. For example, appellant contends that the court may have dismissed the bill for want of equity on account of the last paragraph of the settlement agreement between appellant and appellees of October 30, 1920, and held that that clause released appellees from any obligation to appellant, or that the court may have found appellant was still indebted to the appellees, and, therefore, could not bring the suit at that time, or that the court may have adopted the rule of ultra vires on the part of appellant, and held that the appellant had no authority under the statute to bring such a suit, and appellant urges that the court, following the doctrine of ultra vires, may have dismissed appellee's cross-bill on the same ground, inasmuch as appellee had been a stockholder and director in appellant corporation and had been an abettor in the wrongdoing

and thereby precluded himself from invoking equitable relief.

We cannot agree with appellant's contention. The language used in *Chicago Theological Seminary v. People, supra,* has reference to the subject of litigation, *"point or question actually litigated,"* and not to various grounds or rights to the same subject-matter of litigation. The case involved the question of exemption from taxation and the parties had been before the court in a prior case, on a prior levy, involving a clause of the corporation's charter, and the court held that this action was not a prosecution for or upon the same claim or demand as that involved in the action in former years. The court was passing upon the subject-matter of the litigation. In the former suit, upon which decree was entered June 9, 1923, appellant filed the bill to establish a resulting trust in appellee. Any other rights or claim that appellant had in the lands, adverse to appellee, should have been brought forward in that suit. The case involved a question of title to the lands, and so far as that question is concerned, the former decree is conclusive between the parties and cannot be the ground of intervention in this suit.

As to whether the question of the right to possession of said lands was adjudicated in the former proceeding is not before the court in this case, and we are not called upon to pass upon that question. In the former case no question of possession is set out in the pleadings and so far as the record of that case is before us no question of possession was litigated. It was not even shown who had been in the possession of the land from the time of the purchase down to the time of filing the bill, except that the contract between appellant and the said John Bramel was fully set out in said proceeding and by said contract it was covenanted that said John Bramel should enter into the immediate possession of said lands, and in the

petition to intervene in this suit it is shown that the said John Bramel did, prior to the institution of the former suit, in pursuance of said contract, enter into the possession of said lands and has remained and is now in the possession thereof.

The bill for partition in this suit makes no reference to the possession or occupancy of the lands, and there is no reference to possession or occupancy of the lands at any time, in any of the proceedings, except as stated. By the terms of said contract, whatever right to possession of the lands was in the appellant has passed and did pass to the said John Bramel, prior to the institution of the former suit. John Bramel was not a party to the former suit and so far as this record shows is not bound by any of its terms, and no question as to the possession or right to possession is raised or can be litigated upon the record before this court.

It is further contended by appellant that it paid the sum of $320 to the Quincy Building and Homestead Association to apply upon said mortgage indebtedness after the settlement with appellee, under date of October 30, 1920, and had thereby added to the value of the property for the owner beneficially interested, and in equity that appellant should be permitted to intervene to present such claim and be reimbursed, and appellant cites: *De Walsh v. Braman*, 160 Ill. 415, and *Eury v. Merrill*, 42 Ill. App. 197, as authority. These cases involve a trust relationship and a cotenancy, which, so far as appellee is concerned, has been adjudicated by the decree of June 9, 1923.

It is further to be said that the petition to intervene does not show whether these payments were made before or after the decree of June 9, 1923, as affecting any possible claim against appellee in this suit. Neither does the petition show whether these payments were made before or after August 27, 1921,

when John Bramel entered into possession of said lands, under appellant's contract, and if such payments have been made since August 27, 1921, appellant cannot insist upon litigating such claim in this suit, and reimbursement thereof from appellee, without repudiating its contract and covenants with John Bramel, who is not a party to this appeal. Appellant's petition to intervene was properly overruled on that ground.

The contention that the decree of the lower court, in the former case, was not signed by the judge is without merit. It was a valid decree. *Habberton v. Habberton*, 58 Ill. App. 99, affirmed 156 Ill. 444; *Dunning v. Dunning*, 37 Ill. 306.

This disposes of all of the assignments of error argued in this case. Whether the decree of the court in the former case invested appellees with the title to or any right in said lands is not before the court in this case to determine. It is the opinion of this court that in so far as any question of legal title is in controversy between the appellant and appellees on the 30th day of August, A. D. 1921, the date of filing the bill of complaint in the former suit, is as between the appellant and appellees fully adjudicated and *res judicata*, and that the lower court did not err in refusing appellant leave to intervene in said partition proceeding.

The decree of the circuit court of Adams county in that behalf is affirmed.

*Affirmed.*