OLIVER C. VANLANDINGHAM, Plaintiff in Error, *v.* EBENEZER Z. RYAN, Surviving Assignee, &c.

17   25
124  121
17   25
50a 590
17   25
84a 576

ERROR TO GALLATIN.

A plea of failure of consideration should set out what the consideration was, or in what particular it failed.

Whatever the parties choose to present in issue, by their pleadings and proofs, whether of law or fact, ought to conclude them from another suit, if such pleadings and proofs present the merits of the controversy.

A demurrer to a good plea in bar will estop a plaintiff from raising the same issue in another suit.

A judgment upon a demurrer, for defect in the pleadings, will not bar another action for the same cause.

Vanlandingham *v.* Ryan.

When, by a defect in pleading, the merits of an action or defence were not presented, a plea of former recovery will not be a bar to a second action.
But if the cause of action is well set forth, and a judgment proceed upon the ground that the action will not lie, the party will be concluded and barred by the issue of laws raised by his pleading.

THIS cause was tried before BAUGH, Judge, without the intervention of a jury, at December term, 1854, of the Gallatin Circuit Court. Verdict and judgment for plaintiff in the court below. The defendant below brought the cause to this court and assigned errors.

N. L. FREEMAN and W. H. UNDERWOOD, for Plaintiff in Error.

W. THOMAS, for Defendant in Error.

This was an action of *debt*, commenced in the Gallatin Circuit Court, by foreign attachment, at the suit of Ryan, surviving assignee of the Bank of Illinois, against Vanlandingham, upon two promissory notes for $2,000 each.

The defendant below filed twelve pleas in bar. The fourth plea sets forth that there was no consideration for the execution of the notes sued on. To which there was a demurrer overruled, and a replication, that the notes " were not made for no consideration." To this replication there was a demurrer.

The fifth plea sets forth a suit on the same notes in the Circuit Court of Vanderburg county, Indiana, and a judgment therein in favor of the defendant below. To this plea there was a demurrer, which was sustained.

The seventh plea sets up the same matter as the fifth, which was also demurred to and the demurrer sustained.

The eighth plea sets up that the notes sued on were stock notes, and that there were no debts nor causes of action existing, at the commencement of the suit, against the Bank or the assignees. To this plea there was a replication admitting that the notes were stock notes, but denying that there were no debts owing by the Bank or the assignees. To the replication there was a demurrer, which was carried back and sustained to the eighth plea.

The tenth plea sets up a former recovery upon the same notes in St. Clair county. To this plea two replications were filed— First, *nul tiel record*. Second, setting up specially that the St. Clair judgment was under foreign attachment levied on real estate, without service or appearance. To this last replication a demurrer was overruled.

The ninth plea sets up a prior suit on the same notes in the Circuit Court of Vanderburg county, Indiana, and judgment

therein in favor of defendant below. To this plea a demurrer was sustained.

The thirteenth plea sets up a prior suit upon the same notes, and shows a final judgment in favor of the defendant below upon demurrer. To this plea there was a demurrer, which was overruled. The plaintiff below then filed two replications to the thirteenth plea. First, *nul tiel record.* Second, admitting the proceedings in the suit in Vanderburg county, Indiana, alleging that the decision was upon a special demurrer to the complaint of the plaintiff in that suit; that there was no issue of law or fact formed, nor any judgment or trial upon the question whether the defendant owed the debt. There was a demurrer to the two replications, and the demurrer overruled. The defendant below then filed rejoinders to said replications. To the first, that there was such a record, &c., and to the second replication reaffirming in general the thirteenth plea. To the rejoinder to said second replication there was a demurrer, and that demurrer was sustained. Said rejoinder was afterwards amended, and again a demurrer was sustained to it.

During the trial the plaintiff below offered in evidence a schedule of debts assigned by the Bank to A. G. Caldwell, which showed that the notes sued on were by that instrument assigned to said Caldwell alone, and his receipt is attached to the same, and the same is certified by the president and cashier. To this evidence the defendant objected, and the court overruled the objection and the defendant excepted.

The plaintiff below also offered in evidence two promissory notes made by Vanlandingham to the Bank, upon which there was no assignment. The court received them against objection and the defendant excepted.

The plaintiff below offered in evidence a deed of assignment from the Bank to Caldwell and Ryan, bearing date on the same day with the schedule or transfer of the notes sued on, to Caldwell, which deed purports to assign to Caldwell and Ryan all the personal estate, rights and credits, notes, bonds, judgments, and debts of every kind due to said Bank at Shawneetown, and the branch at Lawrenceville. The court overruled the defendant's objection to said deed of assignment and allowed the same to be read in evidence, to which the defendant excepted.

SCATES, C. J. Of the twenty assignments of error, we shall only notice such as are deemed necessary to a determination of this case.

The first and second assignments of error are not sustainable, and were abandoned on the argument.

The questions raised upon the admissibility of the schedule

and assignment of the bank to assignees, we think were without foundation. The demurrer was properly sustained to the sixth plea, for it alleged a failure of consideration, without setting forth what the consideration was, or in what particular it failed.

The principal question presented by the record is upon a former recovery; and this is set up in five different pleas. The fifth, seventh, ninth and thirteenth set up a recovery by defendant, in a suit by attachment against him, in Vanderburg county, Indiana; and the tenth a recovery against him by attachment, in St. Clair county, Illinois. The fifth, seventh and tenth pleas may be laid out of view, as there are not sufficient averments to present a good bar; so, indeed, we may waive any consideration of the ninth, as the thirteenth embraces more, and the questions are more fully presented in it, and the replication thereto and rejoinder.

Upon this point the general maxim of law is, *expedit reipublicæ ut fit finis litium,* and, therefore, *nemo debet bis vexari pro una et eadem causa.* One application of the first is found in the limitation of actions; and the last is enforced by holding judgments to bar a second suit for matters litigated and settled in the first. There is great uniformity in the adoption of the rule by the courts, but more or less diversity in its application under different states of pleading, and to particular issues and the varying facts involved in their investigation.

There are a few cases in which the courts have taken nice distinctions, apparently to enable parties to investigate anew matters neglected in former trials. Such was the case of *Seddon et al.* v. *Tutop,* 6 Term R. 607, and in which Lord Kenyon admits " that it is a question of great delicacy. We must take care not to tempt persons to try experiments in one action, and when they fail, to suffer them to bring actions for the same demand." So in *Smith* v. *Whiting,* 11 Mass. R. 445, and *Ravee* v. *Farmer,* 4 Term 146, and *Golightly* v. *Jellicoe,* in note " a " of same case, where proofs were allowed to show that the matters apparent upon the face of the record and submissions, were really not investigated. But a stricter rule was applied in *Markham* v. *Middleton,* 2 Strange R. 1259; *Outram* v. *Morewood,* 3 East R. 346; The King, on the prosecution of *Smith* v. *Taylor,* 3 Barn. & Cress. R. 502, (10 Eng. C. L. R. 231;) *Hess Exr.* v. *Heeble,* 6 Serg. & Raw R. 58; *Loring* v. *Mansfield,* 17 Mass. R. 394; *Ramsey & Vather* v. *Herndon,* 1 McLean R. 450. And this rule, in its greater strictness, seemed to be approved in *Gray et al.* v *Gillilan et al.* 15 Ills. R. 454. But we do not sanction the technical distinction which makes a former recovery a bar only, when pleaded as an estoppel; nor would we feel justified to follow *Green* v. *Clark,* 5 Denio R. 505, and

others of that class of decisions, which would exclude parol evidence, not contradictory of the record, to show what was included within and investigated on the trial of the issue, or that the merits were not. In a great many cases the face of the record does not show the full and true state of the controversy and the matters investigated; *Wood* v. *Jackson,* 8 Wend. R. 35, 43 *et seq.;* and parol evidence, must be admitted to supply what is not shown, or the same matters might be litigated repeatedly. But when the whole is fully presented by the record and parol proofs, it is quite another view of it, to allow one of the parties to go on and show by parol, that a part of the case presented by the pleadings was not investigated, or that the verdict or judgment was found or rendered upon a particular portion or the facts, or one of the several issues of law or fact. In the above case of *Wood* v. *Jackson,* the Chancellor said: " The court will never go into an examination of the jurors in the former cause, to ascertain upon what ground their verdict was pronounced;" see also, *Lawrence* v. *Hunt,* 10 Wend. R. 86. And this, in principle, was applied to the oral examination of the justice, as to what judgment he intended to enter, *Zimmerman* v. *Zimmerman,* 15 Ills. R. 84. This court, in that case, sanctioned the general doctrine that a former recovery will constitute a bar of the same causes, as between parties and privies, where the court had jurisdiction general or special. If, then, neither the judge nor jurors can be called to show what portion of the case constituted the ground of decision, neither should other witnesses. What parties choose to present in issue, of law or fact, by their pleadings and proofs, ought to conclude them from another suit. This is true of issues of law, upon demurrer, as well as of fact; *Birckhead* v. *Brown,* 5 Sandf. R. 147 *et seq.;* *Lampen* v. *Hedgewin,* 1 Mod. R. 207.

Such is the general doctrine, and the proper mode of presenting the question of identity. But when we come to inquire into what matters are barred, we find the bar confined to those issues and facts which present the merits of the controversy. *Wilbur* v. *Gilmore,* 21 Pick. 253.

This presents another distinction as to how far particular issues of fact, and trials of them, may include the merits of the controversy: And to what extent the bar will operate upon the subject of controversy when the pleadings present only certain issues of law, upon which judgment is rendered. As the question is raised here as one of the latter kind, upon demurrer, I shall confine the investigation to the latter class of authorities.

Upon this point the authorities agree that a judgment upon a a demurrer for defect in the pleadings will not bar another

action for the same cause. *Lampen* v. *Hedgewin*, 1 Mod. R. 207; *Gilman* v. *Rives*, 10 Pet. R. 301; *Wilbur* v. *Gilmore*, 21 Pick. R. 253.

So if the plaintiff be non-suited for want of proof, or because his *allegata* and *probata* do not agree, or for any other cause, as by agreement after trial of the merits. *Knox* v. *Waldoborough*, 5 Maine R. 185.

So if plaintiff mistake his cause of action—and for which cause a demurrer is sustained. 21 Pick. R. 253.

These decisions proceed upon the ground that the judgment was upon defects in the pleadings to present the merits of the cause of action or defence; and consequently such judgment will not bar an investigation of the true merits of the controversy in another action. But at the same time if a demurrer is put in to a good plea in bar, it will estop the plaintiff, although his declaration is defective—because his demurrer confesses the grounds of defence. 1 Mod. 207; 10 Pet. 301.

So under this last state of the pleadings it will depend upon the sufficiency of the plea, and not the declaration, whether the judgment will operate as a bar or estoppel.

But we are not to be understood as saying that a judgment upon a demurrer to the declaration, or sustained to the declaration, can, in no case, operate, or be pleadable in bar as an estoppel. For it may be that the cause of action is well set forth—and the judgment proceed upon the ground that the cause is not sufficient to sustain an action. I should hold such judgment a bar to another action varying the statement and allegations—or changing even the form of the action. Such decision would be upon the merits, and very right set up—and may as well be determined, concluded and barred on an issue of law by demurrer, as upon an issue of fact.

Such seems to me to be the issues of law presented by the thirteenth plea, and the replication and rejoinder.

Although the suit was by foreign attachment and constructive service, the defendant subjected himself personally to the jurisdiction of the court by authorizing his appearance, and demurring to the declaration. So a general judgment *in personam* could have been rendered in that cause against either party, and binding and conclusive of such matters as were presented. After showing this state of facts, the plea sets forth a demurrer to that action, with causes, a part of which, if true, show that the plaintiff had no cause of action, no right to sue upon the notes, because the notes were void; and avers that the very right of action and merits were presented, tried and determined upon that issue. The plea seems to be sufficient, and plaintiff should have taken issue upon it. He, however,

replied that no issue was made or tried upon the fact of the indebtedness and detention of the debt. The rejoinder reasserts the allegations of the plea, and to this the demurrer was sustained. If all the allegations and averments of the plea are true, the demurrer in the former suit admitted the main facts, but presented the broad question that there could be no indebtedness under those facts, and that the court so held. Under this view of the facts put in issue by the plea, the plaintiff should have taken issue by *nul tiel record* alone, as in his first replication. His second replication was faulty, in merely traversing a part of the facts of the plea, instead of denying the existence of such a record. The demurrer should have been sustained to the replication. In this the court erred. The eighth plea is good, and the demurrer was improperly carried back and sustained to it. The plea sets up as a defence that there were no debts or causes of action existing against the President, Directors & Co. of the Bank, or against the assignees at the commencement of this suit. The ninth section of Act of 1845, p. 247, contemplates a liability of the stockholders upon their stock notes, and their coercive collection by the assignees as long as there may be liabilities of the bank to pay. If there be any such liabilities unpaid, whether it exist as a debt or cause of action against the president and directors, or the assignees, an action will lie. The board of directors was dissolved; they neither owe, nor can be sued as such; so the assignees may as such owe and be sued on many liabilities. And these liabilities may subsist as debts against the institution, and be entitled to payment out of its assets, including these stock notes. The assignee should therefore have taken issue upon the facts alleged in this plea.

Judgment reversed and cause remanded for further pleading.

*Judgment reversed.*