### EBENEZER NOYES *et al.*
*v.*
### JOHN A. KERN.

1. CHANGE OF VENUE—*waived by going to trial without objection.* Where, two years after applying for a change of venue, the parties submit the cause to hearing before the same judge against whom the petition for the change was filed, the party applying for the change of venue making no objection, this court will not inquire whether the court erred in overruling the application. By going to trial before the same judge without objection, the party waives any error, if any, in the previous ruling upon the motion.

2. FORMER ADJUDICATION. Where the vendor of land, after the full payment of the principal of the purchase money, tenders the vendee a deed, demanding the payment of interest which he claims to be due on the purchase money, and, on refusal to pay the same, brings suit to recover such interest, and, on a trial, fails, and judgment is rendered in bar against him, that judgment will be conclusive evidence against him that the vendee owes him no interest, in all courts, whether of law or equity, and he can not defeat a bill for specific performance by his vendee by setting up in defence that the vendee owes him interest.

APPEAL from the Appellate Court for the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and Hon. OLIVER L. DAVIS and Hon. LYMAN LACEY, Justices.

Mr. J. F. HUGHES, for the appellants:

The application for a change of venue being strictly in conformity with the requirements of the statute, duly verified and

accompanied by the written consent of Henley, the co-defendant, together with the written acknowledgment of service of notice of Kern's solicitors, and presented on the first day of the term after the filing of the bill, should have been granted. The refusal was error.  *Knickerbocker Insurance Co.* v. *Tolman et al.* 80 Ill. 106.

The position and claim of the complainant is unconscionable and inequitable.  He should be denied relief and remitted to his remedy at law.  *Stone* v. *Pratt,* 25 Ill. 34; *Stow* v. *Russell,* 36 id. 31; *Lear* v. *Choteau,* 23 id. 42; *Lewis* v. *Lyons,* 13 id. 121; *Kimball* v. *Tooke,* 70 id. 564.

He who asks equity must do equity.  Having appealed to the conscience of the chancellor for equitable relief, he must, as a condition to such relief, have equitably performed or tendered such performance on his part.  Where a party avails himself of an advantage at law in lieu of performance, a court of chancery will remit him to his remedy at law on the contract.  *Stone* v. *Pratt,* 25 Ill. 34.

A bill for specific performance is addressed to the sound legal discretion of the chancellor, and, although a legal contract may exist, it will not be decreed as a matter of course. *Alexander* v. *Hoffman,* 70 Ill. 119; *Kimball* v. *Tooke,* id. 564; *Hunter* v. *Bilyeu,* 30 id. 250; *Carver* v. *Lasater,* 36 id. 194.

The cross-bill alleges the omission, by mistake, of the stipulation for interest in the face of the bond, and prays that the bond may be reformed to correspond with the contract as made.   The court should have granted the relief prayed therein.   *Cunningham* v. *Wrenn,* 23 Ill. 66; *Savage* v. *Berry,* 2 Scam. 547; *Ballance* v. *Underhill,* 3 id. 459; *McClosky* v. *McCormick,* 44 Ill. 336.

Messrs. Craig & Craig, for the appellee:

Notice of the application for a change of venue should have been given at the earliest period, and the application should have been made in vacation.  *Kelly* v. *Downs,* 29 Ill. 74; *Moss et al.* v. *Johnson,* 22 id. 639; *McCann* v. *The People,* 88

id. 106; *White* v. *Murtland*, 71 id. 258; *Harding* v. *Town of Hale*, 83 id. 503.

The appellant Noyes went to trial, without objection, before the Hon. C. B. Smith, when there were two other judges in the circuit. When the reason for a change of venue ceases to exist, the necessity and right to a change of venue will also cease. *Myers* v. *Walker*, 31 Ill. 360.

The trial at law settled the question that there was nothing due the defendant under the contract. *Marriat* v. *Hampton*, 7 T. R. 142; *Headly* v. *Shaw*, 39 Ill. 365; *City of Chicago* v. *Sansum*, 87 id. 185; *Abrams et al.* v. *Camp*, 2 Scam. 290; *Goodrich* v. *City*, 6 Wall. 566.

A party can not have a contract reformed for mistake after he brings suit thereon, and judgment is rendered on it. *Sibert* v. *McAvoy*, 15 Ill. 108; *Rogers* v. *Higgins*, 57 id. 247; *Kelly* v. *Donlin*, 70 id. 385.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The first question is, should the decree of the circuit court have been reversed because the court refused to grant a change of venue in this case? The petition on which the application was made, was presented at the April term of the court, in 1876, and on the first day of the term next succeeding the filing of the bill. Notice that such an application would be made was served on the attorneys of the appellee, on the 11th day of that month. On the 25th, it was stipulated that the cause should be tried in vacation, but such a trial was not had, but at the April term, 1878, the cause was submitted to and tried by the same judge against whom the petition for the change of venue had been filed two years previously, and this, too, without any objection by appellant.

We will not stop to inquire whether the circuit court erred in refusing to change the venue, inasmuch as appellant clearly waived all error, if any existed, by going to trial before the same judge, two years afterwards, without objection. It would

be vicious practice to permit a party, under such circumstances, to proceed to trial, try the experiment whether he could succeed, and if he failed, then to fall back on the refusal to grant a change of venue, and claim a reversal. To permit such practice would be to produce delay, unnecessary expense and vexation. If he were not required to abide by the decision on the motion until he could test its correctness, he should have objected to proceeding to a trial; but failing to do so, he has waived any error that may have been committed in overruling the motion, especially after such a length of time. There is no force in this objection.

Appellant claims that he should not be required to specifically perform the contract, because the agreement required the payment of $2400, with ten per cent interest; that only the principal, without interest, has been paid. It seems to be fully conceded that the $2400 was paid. It also appears that appellant prepared and tendered a deed, demanded the interest, but it not being paid, he brought an action of assumpsit for its recovery, but failed in the action. We regard the evidence as ample, proving that in that suit the question of whether appellee owed this interest, and the finding and judgment on that issue, was against appellant, and that judgment is in full force and unreversed.

All persons in the profession, we presume, know that a judgment rendered in a case where the court has jurisdiction of the subject matter and of the parties, is a bar to a recovery on the same cause of action, in all courts, whether of law or of chancery. This is so elementary as to require no discussion or citation of authority.

The question of interest was litigated and determined in the suit in assumpsit, and that question is *res judicata,* and we have no power to consider the question of whether the interest was paid, as that question is conclusively settled by that judgment.

If, then, appellee has paid, as it is conceded, the principal, and the judgment in the suit at law was that he owed appel-

lant no interest, it follows that he has no claim for any unpaid balance of the purchase money; and inasmuch as appellee has fully performed his part of the agreement, he was entitled to a specific performance of the agreement.

Perceiving no error in the record, the decree of the Appellate Court must be affirmed.

*Decree affirmed.*