# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

THE MARIE METHODIST EPISCOPAL CHURCH *et al.* Appellees, *vs.* THE TRINITY METHODIST EPISCOPAL CHURCH *et al.* Appellants.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. RES JUDICATA—*rule of res judicata stated.* Where there is identity of parties and subject matter in two suits, the question which was at issue and judicially passed upon and determined in the first suit is conclusively settled by the judgment therein and cannot be again litigated in the second suit.

2. SAME—*complainant must present all the grounds for relief prayed, in first suit.* A complainant must present all the grounds showing his right to the relief prayed for which could have been presented, and if he fails to do so he cannot be allowed, in a second suit, to take advantage of such omission.

3. SAME—*matters open to consideration which could have been presented are settled.* All questions relating to the same subject matter which were open to consideration and which could have been settled in the first suit are conclusively settled, as between the parties, whether they were presented or not.

4. SAME—*a former judgment must be upon the merits, but it may be upon the facts admitted by demurrer.* A former judgment must have been upon the merits to operate as a bar to a subsequent suit; but it is immaterial whether the judgment was upon

the facts proved or upon the facts alleged which were admitted by demurrer, as the same legal consequences follow in either case.

5. SAME—*judgment on demurrer for defective pleading or because of mistaken remedy is not a bar.* A judgment on demurrer because of a defective pleading or because the remedy is at law and not in equity is not a bar to a subsequent suit in which the cause of action is well pleaded or which is in the proper forum; but where the parties choose to present issues of law on the merits by demurrer they are concluded by the judgment as much as though it were upon a hearing.

6. SAME—*what is not judgment for defective pleading.* Where a bill claims an equitable title in fee simple in certain premises and alleges the facts upon which such claim is based, the fact that the defendant admits the facts by demurrer instead of requiring the complainant to prove them does not render the judgment sustaining the demurrer and dismissing the bill a judgment because of a defective pleading.

7. TRUSTS—*Statute of Frauds requires writing to be signed by one who is "by law enabled to declare" the trust.* The provision of the Statute of Frauds concerning express trusts requires that the writing manifesting the trust be signed "by the party who is by law enabled to declare the trust;" and while the writing need not be framed for the express purpose of declaring the trust, it must be signed by a proper declarant, and show not only that there is a trust, but what it is.

8. SAME—*who may declare trust.* A trust may be declared by the person executing a will or deed by which land is devised or conveyed, and a grantee to whom land is conveyed may declare that he holds it in trust.

9. CHURCHES—*the power to adjudicate upon civil and property rights is vested in the civil courts.* The judicial power and the authority to adjudicate upon civil and property rights is vested in the courts and not in ecclesiastical tribunals, but the courts accept the decisions of the highest tribunals of churches upon questions of faith or doctrine, and where the ownership of property depends upon the decision of such a question the courts will follow the construction of the ecclesiastical body and adjudge the title to the property accordingly.

10. SAME—*when decision of ecclesiastical tribunal upon property rights is without force.* A decision of an ecclesiastical tribunal upon civil or property rights, which are not dependent upon the decision of any question of faith or doctrine, will not be accepted by the courts as controlling the correct determination of such rights.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

HOLLAND & ELLIOTT, for appellants.

SETH F. CREWS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee the Marie Methodist Episcopal Church of Chicago filed its bill in equity in the superior court of Cook county against the appellants, the Trinity Methodist Episcopal Church of Chicago and its trustees, praying the court to declare a trust in favor of said appellee in certain real estate in Chicago and to require the appellants to convey the same to it. The prayer for such relief was based on averments that the First Methodist Episcopal Church of Chicago contributed $10,000 to the erection of the building on said real estate under an agreement that Harlow N. Higinbotham, who had purchased the lots, should convey the same to said First church within three years, and that said First church should hold said real estate until there should be a legally incorporated Methodist Episcopal church to take and hold the same, when the same should be conveyed by said First church to such church so incorporated. Appellants demurred to the bill, and the demurrer was sustained and the bill dismissed. From that decree said appellee appealed to this court, and the decree was affirmed. (*Marie M. E. Church* v. *Trinity M. E. Church*, 205 Ill. 601.) Afterward said appellee filed the bill in this case in the circuit court, adding its pastor and a member of the church as complainants, against the appellants, and praying for the same relief. The appellants filed a plea of *res judicata*, setting up the former decree and judgment of this court in bar. The plea was set down for argument and held bad. The appellants then answered the bill, set-

ting up the former judgment and alleging that it was *res judicata*, and further answering the facts alleged in the bill. The issues were referred to a master in chancery, who took the evidence and reported in favor of the appellees. The court overruled objections to the report and entered a decree in accordance with the prayer of the bill. From that decree this appeal was taken.

There was identity of parties and subject matter in the two suits, and the rule is, that in such a case the question which was in issue and judicially passed upon and determined in the first suit is conclusively settled by the judgment and cannot be again litigated in another action between the same parties. (*Noyes* v. *Kern,* 94 Ill. 521; *Hanna* v. *Read,* 102 id. 596; *Wright* v. *Griffey,* 147 id. 496; *Louisville, New Albany and Chicago Railway Co.* v. *Carson,* 169 id. 247; *People* v. *Hill,* 182 id. 425.) A complainant must present all the grounds showing his right to the relief prayed for which could have been presented, and if he does not, he will not be allowed in a second suit to take advantage of the omission. All questions relating to the same subject matter which were open to consideration and could have been presented are conclusively settled, whether they were presented or not. (*Bailey* v. *Bailey,* 115 Ill. 551; *Harmon* v. *Auditor of Public Accounts,* 123 id. 122; *Lusk* v. *City of Chicago,* 211 id. 183.) The former judgment must be upon the merits, but a judgment on demurrer is as conclusive as a judgment from a finding of the facts alleged in the bill. (*Nispel* v. *Laparle,* 74 Ill. 306.) Inasmuch as a judgment upon demurrer must be upon the merits to operate as a bar to a subsequent suit, such a judgment, by reason of a defective pleading or because a complainant has mistaken his remedy, which was at law instead of in equity, will not operate as a bar to a subsequent suit where the cause of action is well pleaded or the suit is in the proper forum. (*Farwell* v. *Great Western Telegraph Co.* 161 Ill. 522; *Farmers and Me-*

*chanics Life Ass'n* v. *Caine,* 224 id. 599.) But where parties choose to present issues of law on the merits by demurrer, they are concluded just as much as though the judgment was upon a hearing. (*Vanlandingham* v. *Ryan,* 17 Ill. 25.) The same legal consequences follow whether the allegations of the bill are admitted by demurrer or proved. (*Northern Pacific Railroad Co.* v. *Slaght,* 205 U. S. 122.) A defective pleading does not mean a statement of a defective title or of facts which do not entitle a complainant to the relief prayed for. A demurrer to a bill for want of equity is always to the merits. In *Stow* v. *Russell,* 36 Ill. 18, where there was such a demurrer, the court said: "In chancery a demurrer is always to the merits and in bar of the relief sought, and proceeds upon the ground that, admitting the facts stated in the bill to be true, the complainant is not entitled to the relief he seeks." This was repeated in *Harris* v. *Cornell,* 80 Ill. 54. The facts were properly alleged in the former bill and the complainant was bound to allege every fact that would entitle it to the relief prayed for. The case comes within the rule stated in *Vanlandingham* v. *Ryan, supra,* where the court said: "For it may be that the cause of action is well set forth and the judgment proceed upon the ground that the cause is not sufficient to sustain an action. I should hold such judgment a bar to another action varying the statement and allegations or changing even the form of the action. Such decision would be upon the merits and very right set up, and may as well be determined, concluded and barred on an issue of law by demurrer as upon an issue of fact."

It is contended by counsel for appellees that the former judgment was not on the merits but for a defective pleading. That is not true. In the bill the Marie church claimed an equitable title in fee simple in the premises and alleged the facts on which that claim was founded. If the appellants had answered and the bill had been dismissed after

a hearing in which the facts alleged were proved, it would not be thought that the decision was not on the merits, and it makes no difference whether a complainant is first compelled to prove the facts and the objection is then made that he is not entitled to the relief prayed for, or the defendant does not compel the complainant to prove the facts but admits them.

It is also contended that the former judgment was not *res judicata* because of the additional fact not alleged in the first bill, and because the question involved has been decided differently from our decision by the general conference of the Methodist Episcopal church. The additional fact is, that after the trustees of the First church passed a resolution directing its treasurer to pay· toward the construction of the mission building $10,000, provided Higinbotham, who had purchased the lots for the building, should convey them to said First church within three years, to be held by it until there was a legally incorporated church to take and hold the property, the official board of the Trinity church adopted a report of its committee that the very liberal donation of the lots purchased by Higinbotham at a cost of $7500, and the donation of $10,000 by the First church, be accepted with hearty thanks. The record of this action by the official board had been mislaid when the first bill was filed, and the argument is that it was newly discovered evidence which satisfied the Statute of Frauds and created an express trust. The master found that the resolution satisfied the Statute of Frauds and was sufficient to prove an express trust, and the chancellor approved that finding. Whether it was proper practice to ignore the former suit and file the bill in this case on account of newly discovered evidence need not be considered, for the reason that the finding was clearly wrong. The provision of the statute is, that "all declarations or creations of trusts or confidences of any lands, tenements or hereditaments, shall be manifested and proved by some

writing signed by the party who is by law enabled to declare such trust, or by his last will in writing; or else they shall be utterly void and of no effect." (Hurd's Stat. 1909, sec. 9, p. 1197.) There was no declaration of trust in the action of the official board and it was not by law enabled to declare a trust. A trust may be declared by a grantor in a will or deed by which land is conveyed or devised, or in a separate instrument, and a grantee to whom land is conveyed may declare that he holds it in trust. (Pomeroy's Eq. Jur. sec. 1007; 28 Am. & Eng. Ency. of Law,—2d ed.—877; *Myers* v. *Myers,* 167 Ill. 52.) Higinbotham did not convey the property to the Trinity church in trust, and the Trinity church never declared any trust after it acquired the title. While the writing need not be framed for the express purpose of declaring a trust, it must not only show that there is a trust, but what it is, since the trust must be manifested and proved by the writing. (*Kellogg* v. *Peddicord,* 181 Ill. 22.) It was a fact passed upon in the first suit that the First church made a donation of $10,000, which was used in the construction of the building, and a writing showing that the official board of the Trinity church accepted the donations of Higinbotham and the First church with hearty thanks had no more effect as a declaration of trust than the acceptance and use of the money had. This case is not different from the former one on the ground that there was an express trust. In the former suit it was claimed that there was a trust which was excepted by the Statute of Frauds, which provides that resulting trusts created by construction, implication or operation of law need not be in writing and may be proved by parol. The newly discovered evidence only tended to prove what was before admitted by the demurrer, and the admission even went farther and included an agreement on the part of Higinbotham to make the conveyance in trust, which does not appear in this case. If there was a constructive trust arising from fraud or the

violation of some obligation, so that a court of equity would impress a trust upon the conscience of the holder of the legal title and convert such holder into a trustee, the question was involved in the former suit equally with this one. The former judgment was *res judicata,* and the chancellor erred in holding the plea bad and in entering the decree.

The other fact alleged is, that the general conference of the Methodist church decided contrary to the decision of this court, and it is insisted that such decision is binding on the parties and this court. The judicial power and the authority to adjudicate upon civil and property rights is vested in the courts and is not committed to ecclesiastical tribunals. The courts, however, accept the decisions of the highest tribunals of churches upon questions of faith and doctrine, and where the ownership of property is dependent upon the decision of such a question they will follow the construction of the ecclesiastical tribunal and adjudge the title to the property accordingly. When a property right is involved it is the civil court that is to decide the question and an ecclesiastical tribunal cannot usurp its functions, but the civil court having respect for the authority of the ecclesiastical tribunal upon ecclesiastical questions, adopts the ecclesiastical decision out of which the civil right arises. (*Schweiker* v. *Husser,* 146 Ill. 399; *First Presbyterian Church* v. *Cumberland Church,* 245 id. 74; *Watson* v. *Jones,* 13 Wall. 679.) The general conference did not determine an ecclesiastical question but decided upon the property rights of the parties to this litigation, and we cannot admit the authority of the general conference to determine such rights.

The decree is reversed and the bill is dismissed.

*Decree reversed and bill dismissed.*