## Knight Light Company, Appellee, v. Jesse K. Farley and Farley Candy Company, Appellants.

### Gen. No. 21,485.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed. Opinion filed May 25, 1915.

### Statement of the Case.

Suit by Knight Light Company against Jesse K. Farley and Farley Candy Company, a corporation, to restrain interference with the possession or use of premises occupied by complainant as a tenant of Farley, or interference with the furnishing of water, heat and electricity. From an order restraining defendant Farley and his agents from such interference, both defendants appeal.

MOSES, ROSENTHAL & KENNEDY, for appellants; JOSEPH W. MOSES and WALTER BACHRACH, of counsel.

JOSEPH P. MAHONEY, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 340*—*when party not mentioned in order affected thereby.* On a bill by the lessee of premises against the lessor and a corporation alleged to be controlled by him to restrain interference with his possession, or interference with the furnishing of water, heat and electricity by such corporation, a joint appeal by both defendants is proper from an order restraining the lessor from such interference although the order does not specifically mention the corporation, the latter being a party of record and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

affected by the order, the theory of the bill being that though the lease contained no provision for the furnishing of electricity and the agreement therefor was made with the corporation, the latter was under the control of the lessor and acted merely as its agent in the matter.

2. APPEAL AND ERROR, § 340*—*when party bound by order as agent may appeal.* Where a bill sought to enjoin a corporation on the theory that it acted merely as the agent of its codefendant who controlled and directed, such corporation may join in an appeal from an interlocutory order restraining its codefendant and his agents, although it is not specifically mentioned in the order.

3. EQUITY, § 255*—*when original bill superseded by amendment.* An interlocutory order restraining the lessor of certain premises from interfering with the lessee's possession or use in any way, and interfering with the furnishing of water, heat and electric light and power thereto, which purports to rest on the original and amended bill, must stand, if at all, on the latter as it superseded the former.

4. LANDLORD AND TENANT, § 26*—*what does not amount to an extension of lease.* An agreement extending from July, 1914, until August, 1915, is not shown by averments that the lessor stated that the lessee might remain in the premises until August, 1915, and until needed for his use, and that they agreed that the exact date need not be definitely determined at that time "but if either of said parties changed his plans he would notify the other party thereof," as it contains no actual or mutual promises, states no terms, does not adopt the terms of the written lease, and is incomplete and uncertain.

5. SPECIFIC PERFORMANCE, § 44*—*when agreement to extend lease not enforced.* A lessor's statement that he would not need premises occupied by his lessee until a certain date, and the latter's statement that he would not vacate until that date, *held* not such an agreement to extend an existing lease as would be specifically enforced in equity.

6. SPECIFIC PERFORMANCE, § 44*—*when contract not aided by self-serving declarations.* Where the agreement as pleaded lacks the material elements of a contract, a self-serving declaration by one of the parties subsequent thereto referring to it as an agreement to extend the lease to a certain date cannot aid the same, so as to permit of its specific enforcement.

7. INJUNCTION, § 75*—*what is character of suit to enjoin breach of contract.* A suit to enjoin the breach of a contract seeks a negative specific enforcement of it, and in this State is governed by the same rules as a suit for specific performance.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. Specific performance, § 44*—*when agreement to extend lease lacks elements of certainty and mutuality.* A court of equity will not enforce an alleged agreement to extend a lease where the parties at the time of the supposed agreement stated that the exact date for the termination of the lease which they proposed to extend was not to be definitely determined, and it was further understood that if either party changed his mind with reference to plans with respect to the same that he would notify the other party, since it lacks certainty and mutuality.

9. Landlord and tenant, § 26*—*when lessee claims inconvenience or estoppel as basis for extension.* Where a bill in equity sets up an alleged contract which is not sufficient to constitute an agreement because it contains no actual promises, states no terms and is indefinite and uncertain, the lessee cannot complain of the inconvenience that he would suffer by reason of his understanding that there was such an agreement, nor can the doctrine of estoppel be invoked.