## Jesse K. Farley, Appellee, v. Knight Light and Soda Fountain Company, formerly Knight Light Company, Appellant.

### Gen. No. 26,779.

1. JUDGMENT—*when question of oral extension of lease is res judicata.* In an action upon a lease for the sum named therein as liquidated damages for holding over after the expiration of the lease, where it appeared that defendant had sought to enjoin plaintiff on the ground that there had been an oral extension of the lease and such bill was dismissed for want of equity, it constituted a final adjudication that there was no such oral extension and evidence on that subject was properly excluded.

2. LANDLORD AND TENANT—*what determines whether lease provides for liquidated damages or penalty.* As a general rule, the intention of the parties as disclosed by the language of a lease must control as to whether a sum named in the lease to be paid by the tenant if he holds over is for liquidated damages or a penalty and it is the duty of the court to carry such intention into effect when it can be ascertained.

3. DAMAGES—*when court cannot declare sum agreed upon to be penalty merely.* In the absence of good cause for such construction, a court cannot declare a sum which the parties to a contract have agreed shall be the amount of damages to be a penalty merely.

4. LANDLORD AND TENANT—*when sum named in lease will be held to be liquidated damages.* In an action for liquidated damages for holding over after expiration of a lease, *held* that the sum of $25 per day named in the lease as liquidated damages for holding over of premises renting for $300 per month was liquidated damages and not a penalty.

5. LANDLORD AND TENANT—*attorneys' fees as element of recovery against tenant holding over.* Where a tenant, by means of an injunction suit, was enabled to continue to violate the covenant of his lease in respect to yielding up possession, and it was necessary for the landlord to appeal from the injunction order as a step towards the enforcement of such covenant, the court, in an action for damages brought by the landlord, properly permitted recovery by him for services rendered by his attorneys in connection with the appeal from such order.

BARNES, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding. Heard in the Branch Appellate Court

at the March term, 1921. Affirmed. Opinion filed December 30, 1921. Rehearing denied January 10, 1922.

JOSEPH P. MAHONEY and HUGH O'NEILL, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee; JULIUS MOSES. of counsel.

MR. JUSTICE MORRILL delivered the opinion of the court.

This appeal seeks the reversal of a judgment in assumpsit for $4,987.50 entered by the circuit court of Cook county on October 9, 1920, against appellant, who was defendant in the court below, and in favor of plaintiff, who is appellee here. The pleadings indicate that the action was brought to recover liquidated damages at the rate of $25 a day for the period during which defendant is alleged to have retained possession of certain demised premises after the expiration of the lease thereof to it and to recover certain sums alleged to have been expended by plaintiff in enforcing the covenants of the lease.

Defendant alleges by way of defense that on September 15, 1914, which was prior to the expiration of the original lease, the parties entered into an oral agreement providing for the continued occupancy of the premises by the defendant for a period of six months after the expiration of the original lease at the same rental as previously paid by it; and that the cash expenditures which plaintiff sought to recover were not incurred under the provisions of the lease. There was a trial before the court and jury, resulting in a verdict finding the issues for plaintiff and assessing his damages at the sum of $5,300. Plaintiff remitted $312.50 and judgment was entered for $4,987.50.

The evidence shows that on December 9, 1909, plaintiff demised to defendant by written lease a portion

of the building known as No. 712-720 North Franklin street in Chicago to be occupied as a place for conducting the business of manufacturing gasoline and gas machines and fixtures and supplies pertaining thereto. The term of the lease began on February 1, 1910, and ended on January 31, 1915. The rental reserved was $300 a month. The following provisions of the lease are material to the present controversy and are covenants on the part of the lessee:

"Eight: At the termination of this lease, by lapse of time or otherwise, to yield up immediate possession to said party of the first part, and failing so to do, to pay as liquidated damages, for the whole time such possession is withheld, the sum of $25 per day. * * *

"The party of the second part further covenants and agrees to pay and discharge all reasonable costs, attorneys' fees and expenses that shall be made and incurred by the party of the first part in enforcing the covenants and agreements of this lease; and all the parties to this lease agree that the covenants and agreements herein contained shall be binding upon, apply and inure to their respective successors and assigns."

February 8, 1915, defendant being still in possession of the premises, plaintiff served upon it a written demand for possession, which called attention specifically to the above-quoted provisions of the lease. March 2, 1915, defendant filed its bill in chancery in the superior court of Cook county, alleging in substance an oral extension of the lease in question from February 1, 1915, to August 1, 1915, and praying an injunction restraining plaintiff from attempting to dispossess defendant and from interfering with its occupancy of the premises. March 11, 1915, an amended bill was filed praying for the same relief and an injunction was granted in conformity therewith. Plaintiff appealed from the order granting the injunction and on May 25, 1915, this order was reversed by this court. *Knight Light Co. v. Farley*, 192 Ill. App. 611.

Thereafter the superior court vacated its previous order granting the injunction and sustained general and special demurrers to the amended bill, which was dismissed for want of equity.

Defendant vacated the demised premises on June 9, 1915. Thereafter plaintiff commenced the suit involved in this appeal to recover $3,200, which is the amount specified in the lease as liquidated damages for holding over after the expiration of the lease for 128 days at the rate of $25 a day and to recover $1,250 expenses alleged to have been incurred by plaintiff in connection with the injunction suit above mentioned. There was a plea of set-off by defendant claiming damages against plaintiff, but no evidence was offered in support of it. There was also a plea that the liquidated damages which plaintiff sought to recover were not in fact liquidated damages, but that they constituted a penalty and did not reasonably represent the damages, if any, sustained by plaintiff. A demurrer was sustained to this plea and no error has been assigned as to this ruling of the trial court.

In addition to what has already been said as to the general nature of the defense in this case, it should be noted that the record contains no pleadings or evidence to the effect that either on December 9, 1909, the date of the execution of the lease, or on January 31, 1915, the date of its expiration, or on June 9, 1915, the date when defendant vacated the premises, the amount specified as liquidated damages for wrongfully withholding possession of the demised premises was out of proportion to the amount of possible damages on the former date or of actual damages on either of the later dates to plaintiff by reason of such wrongful withholding. There was no issue of fact raised by the pleadings under which either court or jury could determine these questions. It therefore becomes necessary for the court to decide by a consideration and construction of the terms of the original lease

whether the provision for the payment of $25 a day for each day that the possession of the premises was withheld after the expiration of the term was a provision for liquidated damages or for a penalty.

The fifth, as well as certain additional pleas, avers the making of the alleged oral agreement of September 15, 1914, hereinabove mentioned, whereby it is asserted that the term of the original lease was extended to August 1, 1915, at the same rental. These allegations were met by a replication setting forth the proceedings and final decree in the injunction suit heretofore mentioned. The record in that case shows that the bill set forth the alleged oral agreement of September 15, 1914, which is relied upon by defendant as constituting an extension of the original lease to August 1, 1915, and that the bill was dismissed for want of equity in conformity with the decision in *Knight Light Co. v. Farley, supra.* This was a final adjudication that there was no such oral extension of the lease. *Marie M. E. Church v. Trinity M. E. Church,* 253 Ill. 21; *Jackson v. Industrial Board,* 280 Ill. 526; *People v. Harrison,* 253 Ill. 625. Therefore the ruling of the trial court in excluding evidence upon that subject was correct. Sundry offers were made by defendant to show that the rental value of the demised premises between February 1, 1915, and August 1, 1915, was $300 a month, the amount of the rental specified in the original lease.

From this review of the pleadings and evidence it is apparent that the questions involved in this appeal are, whether the provision in the lease for the payment of $25 a day for each day that defendant wrongfully withheld possession of the premises after the expiration of the lease was a provision for liquidated damages or for a penalty; and further, whether or not the sum allowed plaintiff for expenses in connection with the injunction suit could properly be construed as damages under the provision of the lease

322    APPELLATE COURTS OF ILLINOIS.

Farley v. Knight Light & Soda Fountain Co., 223 Ill. App. 317.

whereby defendant agreed to pay all costs, attorneys' fees and expenses incurred by plaintiff in enforcing the covenants of the lease.

The provision of the lease in question as to liquidated damages in the event of a wrongful withholding of the premises after the expiration of the term is one that is very generally embodied in such instruments. The propriety of its use is obvious. Without such a provision it would be possible for a tenant to continue in possession indefinitely without regard to the rights or interests of the landlord. With this provision in the lease it is entirely within the power of the tenant to determine his liability. If he surrenders possession at the expiration of the term of the lease, he avoids all liability, but if he prefers to continue in possession, the contract fixes the amount that he is to pay for so doing. The implication to be derived from the language used is that the provision is intended to be for a liquidation of damages and that the amount specified to be paid should not be regarded as a penalty for the breach of the covenant. The same identical provision of a lease, differing only as to the amount of damages specified, was considered by the Supreme Court of this State in *Poppers v. Meagher,* 148 Ill. 192, and the authorities upon the subject reviewed at length. The court then held, after discussing the reason for and the importance of a provision of this kind, that: ''It is within the province of the parties to determine the amount of compensation as stipulated damages for holding over beyond the term of the lease. The amount fixed in this case is not unconscionable, and is reasonable, under the evidence.'' The question as to whether or not the rental value of the premises at the date of the expiration of the lease forms a basis for determining the damages was also considered by the court, and it was said that such rental value was not evidence to determine damages in holding over under a lease containing a provision for liqui-

dated damages. The evidence offered as to the rental value of the premises between February 1, 1915, and August 1, 1915, was therefore properly excluded.

As a general rule the intention of the parties as disclosed by the language of the lease must control the question as to whether or not a provision of this kind is a provision for liquidated damages or for a penalty. The present tendency of the authorities is to allow the parties to make their own contracts and carry out their intentions in this respect. The question to be determined always is, what did the parties intend by the language used? It is the duty of the court to carry such intention into effect when it can be ascertained. *United States v. Bethlehem Steel Co.,* 205 U. S. 105. The rule announced by the Supreme Court of the United States in that case has been followed by the reviewing courts of this State, which have held uniformly that, in the absence of good cause for such a construction, a court cannot declare a sum, which the parties themselves have agreed shall be the amount of damages, to be a penalty merely. Assuming that the damages are serious, incapable of being exactly ascertained and resting principally in estimates based upon considerations of a more or less uncertain character and no fraud in procuring the contract being shown, the amount fixed by the parties should be the guide for the court. *Burk v. Dunn,* 55 Ill. App. 29; *Parker-Washington Co. v. City of Chicago,* 267 Ill. 140, and authorities cited. The conditions indicated by these authorities are apparent in the present case. The parties in explicit language have declared that the sum named should not be treated as a penalty but as liquidated damages. Their intention, which has been clearly manifested, cannot be disregarded by the court when the result is not shown to have been unconscionable. In such a case the law will enforce the agreement of the parties.

Appellant also contends that the trial court erred in permitting plaintiff to show what services were rendered by his attorneys in connection with the appeal from the injunction order previously mentioned, it being insisted that plaintiff could recover only the expenses pertaining to the motion to dissolve the injunction, and could not recover for items of expense incurred in dispossessing appellant or in connection with the litigation in the Appellate Court. It seems obvious that the effect of the injunction order was to enable the defendant to continue to violate the covenant of the lease in respect to yielding up possession of the premises at the expiration of the term. It was necessary for plaintiff, in order to enforce this covenant, to appeal from the injunction order granted to defendant, and to procure a reversal thereof as a necessary step for the enforcement of the covenant of the lease requiring defendant to surrender possession at the expiration of the term of the demise. The amount found by the court was based upon testimony heard to the effect that the charges made for attorneys' fees in connection with that proceeding were the reasonable, fair and customary charges for such services. There was some conflict of evidence on this subject. Therefore the question was one for the jury to decide. The verdict of the jury in that respect was not manifestly contrary to the preponderance of the evidence and therefore cannot be disturbed.

The judgment of the circuit court is affirmed.

*Affirmed.*

GRIDLEY, P. J., concurs.

MR. JUSTICE BARNES dissenting. I think the provision for liquidated damages should be construed as a penalty, the nature of the damages being such as could easily be ascertained, and that therefore the court erred in not receiving evidence to show the rental value of the premises as one of the elements of damage sustained.