DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1925.

---

## Lizzie A. Wood, Appellant, v. Joy Maxwell, Appellee.

### Gen. No. 7,499.

1. JUDGMENTS—*bar to further suit upon same cause.* A judgment rendered by a court of competent jurisdiction on the merits is a bar to any further suit between the same parties or their privies upon the same cause of action, in the same or any other court, so long as it remains unreversed and not vacated or set aside.

2. JUDGMENTS—*questions determined res judicata in subsequent suit.* Where there is an identity of parties and subject matter in two suits, questions which were in issue and judicially passed upon and determined in the first suit are conclusively settled by the judgment and cannot be again litigated in the second suit.

3. JUDGMENTS—*questions which could have been presented conclusively settled.* All questions relating to the same subject matter which were open to consideration and could have been presented in a prior suit are conclusively settled whether they were presented or not.

4. JUDGMENTS—*no res adjudicata on dismissal.* Where case was dismissed for want of prosecution on nonappearance of plaintiff, and judgment was rendered against plaintiff for costs, there was no hearing upon the merits and plaintiff could maintain a second suit on the same cause of action.

Appeal by plaintiff from the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded. Opinion filed November 25, 1925.

JAMES N. CUMMINGS, for appellant.

STURTZ & EWAN, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

At the April term, 1914, of the circuit court of Bureau county, appellant, Lizzie A. Wood, began suit against appellee, Joy Maxwell, to recover damages for personal injuries sustained by appellant in a collision between a buggy in which appellant was riding and an automobile of appellee. Issues were joined and at the January term, 1916, the case was set for trial. At the time for the trial appellant failed to appear, the case was dismissed for want of prosecution, a judgment was entered against appellant in favor of appellee for costs, and an execution was awarded therefor. Afterwards, the present suit was begun in the city court of Kewanee by appellant against appellee upon the same cause of action as the prior case. To the declaration appellee filed the general issue and two special pleas, the first of which set up all of the facts with reference to the prior suit, including the declaration, the plea of the general issue, the failure of appellant to appear at the time set for trial, the judgment dismissing the case with costs against appellant, and it was alleged that the judgment had never been vacated, set aside or appealed from, and that by reason of that judgment appellant was estopped and barred from maintaining her cause of action. Appellant demurred to the first special plea, the demurrer was overruled, she elected to stand by her demurrer and a judgment was entered against her for costs. To review this judgment an appeal has been prosecuted to this court.

The only question raised is whether the facts set up in the first special plea were a bar to this cause of action. A judgment rendered by a court of competent jurisdiction, on the merits, is a bar to any further

suit between the same parties, or their privies, upon the same cause of action, in the same or any other court, so long as it remains unreversed, and not vacated, or set aside. *Collins v. Metropolitan Life Ins. Co.*, 232 Ill. 37; *City of Chicago v. Partridge*, 248 Ill. 442; *Chicago Title & Trust Co. v. National Storage Co.*, 260 Ill. 485; *Williams v. Williams*, 265 Ill. 64; *People v. Russel*, 283 Ill. 520. Where there is an identity of parties and subject matter in the two suits the rule is that the questions which were in issue and judicially passed upon and determined in the first suit are conclusively settled by the judgment and cannot be again litigated in another action between the same parties. *Noyes v. Kern*, 94 Ill. 521; *Hanna v. Read*, 102 Ill. 596; *Wright v. Griffey*, 147 Ill. 496; *Louisville, N. A. & C. Ry. Co. v. Carson*, 169 Ill. 247; *People v. Hill*, 182 Ill. 425. All questions relating to the same subject matter which were open to consideration and could have been presented are also conclusively settled whether they were presented or not. *Lusk v. City of Chicago*, 211 Ill. 183; *Marie M. E. Church v. Trinity M. E. Church*, 253 Ill. 21.

It appears, however, from the facts set up in this first special plea that the hearing upon the first case was not upon the merits and that there was no opportunity for an investigation and determination of the merits of the case. In fact there was no hearing at all and there was no judicial determination of any fact in the case. When the case was called for trial appellant failed to appear, the suit was dismissed for want of prosecution, and judgment was rendered against appellant for costs. This was not a hearing upon the merits, and the effect of the judgment was the same as if appellant had voluntarily gone into court and dismissed her suit at her costs. The facts set up in the first special plea did not constitute a bar to the second suit, the plea did not set up a defense, the court was in error in overruling the demurrer

to the plea, and for that reason the judgment will be reversed and the cause remanded with directions to sustain the demurrer to the first special plea.

*Reversed and remanded.*